# EXHIBIT  4

PROBATE COURT, DENVER COUNTY,
COLORADO
Court Address: 1437 Bannock Street, Denver,
CO 80202

In the Interest of:  JOANNE BLACK,

Protected Person.

Attorney:  ˙ Young & Zen, LLC
Gayle Y.L. Young, #17107

P.O. Box 307
Littleton, CO 80160
(303) 738-9546; Email:
d.zen@q.com
Guardian ad Litem

COURT USE ONLY

Case No.:  12PR1772

Division:      1

## SUPPLEMENTAL GUARDIAN AD LITEM REPORT

COMES NOW, Gayle Young, court-appointed Guardian ad Litem (hereinafter, "GAL") for Joanne Black, and submits this report and her recommendations.

### LEGAL PROCEEDINGS

On December 11, 2012, Petitioner Bernard Black, the brother of the protected person in the above-captioned action, Joanne Black, was appointed as Conservator for his sister.

On August 8, 2014, the Court granted the Petitioner's request for an extension of time to file an Amended Conservator's Report for the period ending December 31, 2013, and the Court also agreed to waive service of this Report on Ms. Black, the protected person.

The Petitioner filed a petition requesting that he be appointed Permanent Guardian for his sister on September 9, 2014.  On September 24, 2014, the Court issued a Show Cause Order to the Petitioner asking him to state why his Petition for Appointment of a Guardian should not be dismissed for lack of jurisdiction.

### GUARDIAN AD LITEM'S INVESTIGATION

Since the Petition for Appointment of a Guardian was filed on September 9, 2014 by the Petitioner, Bernard Black, the Guardian ad Litem has spoken with Joanne Black, the protected person, as well as the Petitioner, Bernard Black, in the presence of his attorney, Carl Glatstein, Esq.  The Guardian ad Litem also consulted with Dr. Noshin Chowdhury, the protected person's treating psychiatrist at South Beach Psychiatric Center on Staten Island, New York.  The Guardian ad Litem spoke with two of Joanne Black's cousins, Cherie Wrigley (62) and Anthony Dain (59) as well as a long-time personal friend of Ms. Black's, Esaun Pinto.

Ms. Joanne Black's circumstances have changed significantly in the two years since the Guardian ad Litem's previous report. In 2012, Ms. Black was highly delusional, homeless and wandering aimlessly on the streets of Denver and Aurora. Her mother, Renata Black, died in May of 2012 and shortly thereafter Joanne Black's brother, Bernard Black, filed a petition in Denver Probate Court asking that he be appointed as Conservator for his sister.

Joanne Black returned to New Jersey during the spring of 2013 after her cousin, Cherie Wrigley, arranged for a family friend who is a private investigator, Esaun Pinto, to travel to Colorado, find her, and bring her back to New York. In June of 2013 Joanne Black was picked up by police and then involuntarily placed at Meadow View Psychiatric Hospital in New Jersey before being transferred to South Beach Psychiatric Center on Staten Island, New York, in November of 2013 where she remains today.

## PROPER VENUE

The Guardian ad Litem agrees that venue is proper in the state of New York pursuant to C.R.S. 15-14.5-201 and C.R.S. 15-14.5-203. Ms. Joanne Black was a resident of the state of New York for most of her life prior to her coming to Denver. She has now resided in New York, albeit in a psychiatric facility, for the past eleven months. New York is clearly her "home state" to which she has a "significant connection."

Joanne Black has declared that she intends to remain in New York after she is discharged from South Beach Psychiatric Center. Through the joint efforts of her cousin, Cherie Wrigley, and the South Beach Psychiatric Center, Joanne Black has housing in an apartment arranged for her through The Concern for Independent Living. It is anticipated that Ms. Black will move there within the next two weeks. She will have on-staff mental health services available to her; Ms. Cherie Wrigley has also retained a private case manager and Ms. Black will also be attending a day treatment center nearby.

## GUARDIANSHIP/CONSERVATORSHIP ISSUES

The Guardian ad Litem spoke to Dr. Noshin Chowdhury, Joanne Black's treating psychiatrist on September 18, 2014, after Joanne Black signed the necessary releases of information. Dr. Chowdhury reported that the Respondent, Joanne Black, is "psychiatrically stable" and that she has the present capacity to made decisions about whom she wants to act as Guardian and Conservator for her. Dr. Chowdhury indicated that Joanne Black has been compliant and cooperative with her treatment. She has been willing to take prescribed psychotropic medications and she has participated in individual and group therapy as well as life skills classes. On September 18, 2014, Dr. Chowdhury said that discharge planning for Joanne Black was underway and that different alternatives were being investigated. Because she is "psychiatrically stable" and has decision-making capacity, Dr. Chowdhury feels that the Court should consider Joanne Black's desires and wishes in deciding whom it should appoint to be her Guardian.

Dr. Chowdhury further indicated that even though Joanne Black has been at her facility since November of 2013, the Petitioner, Bernard Black, had not seen her there until he visited

with Esaun Pinto in September of 2014.  Dr. Chowdhury says that she met with Cherie Wrigley, Ms. Black's cousin, and Esaun Pinto, who is a family friend, when Joanne Black was first admitted to South Beach Psychiatric Center in November of 2013. Dr. Chowdhury has been impressed with Cherie Wrigley's background as a special education teacher and counselor, and she says that Cherie Wrigley is knowledgeable about mental health resources. Joanne Black seems to trust Esaun Pinto. Dr. Chowdhury finds both Cherie Wrigley and Esaun Pinto to be credible and reliable.

The Guardian ad Litem spoke to the Respondent, Joanne Black, on September 14, 2014, for approximately 50 minutes. It was apparent to the Guardian ad Litem that Joanne Black's thought processes were much clearer and more logical than when they spoke two years ago although the Guardian ad Litem thought that Joanne Black did display some loose and paranoid thinking. When informed that her brother, Bernard Black, had applied to the Court for appointment as her Guardian, Joanne Black hotly expressed her opposition to this. Joanne Black also stated that she is adamantly opposed to Bernard Black being her Conservator and being in charge of her finances. She is very suspicious of her brother's motives for wanting to be her Guardian and Joanne Black says that she has never had a very close relationship with her brother or his children. She complained that her brother would not allow her to have her clothes until she was "stable." Joanne Black says that she is willing to have a Guardian, at least temporarily, but she clearly stated that she did not want Bernard Black to be Guardian.

Cherie Wrigley, Joanne Black's cousin, has regularly communicated with the Guardian ad Litem over the past two years keeping the Guardian ad Litem updated as to Joanne Black's situation. She reports that the Petitioner, Bernard Black, only began to involve himself in his sister's situation when discussions about discharging Joanne Black from South Beach Psychiatric Center began. Cherie Wrigley feels that she has a good relationship with Joanne Black and would be interested in being appointed as Ms. Black's Guardian.

Esaun Pinto is a long-time friend of Joanne Black's family and a private investigator. He was present on both occasions when Joanne Black met with the Petitioner, Bernard Black, and her cousin, Cherie Wrigley, at South Beach Psychiatric Center. He reported to the Guardian ad Litem that he is concerned that should Bernard Black be appointed Guardian that "Joanne would lose any shot at a normal life." Mr. Pinto stated to the Guardian ad Litem that he does not feel that Bernard Black "has his sister's best interests at heart; that he does not seem to care about her, and he does not seem to want her to get better."

Bernard Black was appointed as Conservator after he filed a petition for Conservatorship in the Denver Probate Court on October 16, 2012 in which he expressed concerns about funds left to Joanne Black by her mother, Renata Black, saying,

"the Decedent had inadvertently added or changed beneficiary designations on certain assets resulting in the majority of her assets passing outright to the Respondent rather than into the Supplemental Needs Trust. Any such assets need to be secured at least until such time as the Court can determine the proper protections for the assets."

Anthony Dain, Joanne Black's cousin, was appointed as trustee of the Special Needs Trust established by Renata Black for Joanne Black's benefit in 1997. Anthony Dain indicated to the

Guardian ad Litem that he feels that, as Conservator, Mr. Bernard Black has undermined the spirit of the Supplemental Needs Trust by refusing to pay for his sister's medical and dental care. He describes Bernard Black as having "unilaterally taken control of the Special Needs Trust accounts" and says that Mr. Black has not responded to Mr. Dain's requests for an accounting; he accuses Bernard Black of using the Conservatorship as a vehicle for denying or restricting distributions out of the Supplemental Needs Trust even where those distributions are appropriate and necessary to provide for the care and treatment needs of the beneficiary, Joanne Black, in New York. Anthony Dain filed an Objection to Amended Conservator's Report on or about September 19, 2014.

Aside from Joanne Black's reluctance to have the Petitioner, Bernard Black, be her Guardian, the Guardian ad Litem is concerned about Mr. Black's management of Joanne Black's financial affairs. It is troubling that Bernard Black sought authorization to withhold the Amended Conservator's Report from his sister, Joanne Black, and that he failed to respond to the Court's Order dated July 2, 2014, after the Court noted significantly higher expenses on the Financial Plan.

## RECOMMENDATION

The Guardian ad Litem recommends that Bernard Black's Petition for Guardianship be dismissed for lack of jurisdiction and he should be free to re-file in New York. The Guardian ad Litem also recommends that Bernard Black's Conservatorship should be terminated because the concerns that made a conservatorship necessary no longer exist and Ms. Black's needs are provided for by the Supplemental Needs Trust established for her by her mother.

Dated this 8th day of October, 2014.

YOUNG & ZEN, LLC

/s/ *Gayle Y.L. Young*

Gayle Y.L. Young, #17107
P.O. Box 307
Littleton, CO 80160
(303) 738-9546
Guardian ad Litem

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October, 2014 I have electronically filed or mailed a true and correct copy of the within Supplemental Guardian ad Litem Report in the U.S. mail, first-class postage pre-paid, and properly addressed to the following:

Joanne Black
South Beach Psychiatric Center
777 Seaview Avenue
Staten Island, NY  10305
Protected Person

M. Carl Glatstein, Esq.
Glatstein and O'Brien LLP
2696 S. Colorado Blvd., Suite 350
Denver, CO  80222
Counsel for Petitioner

Lisa DiPonio, Esq.
DiPonio & DiPonio
7931 S. Broadway, #348
Littleton, CO  80112
Counsel for Respondent

Cherie Wrigley
1946 Roadrunner Avenue
Thousand Oaks, CO  91320
Cousin

Anthony Dain, Esq.
13272 Capstone Drive
San Diego, CA  92130
Cousin/Trustee of Supplemental Needs Trust


/s/ Gayle Young