UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

SARAH H. BLACK,                                          :
DANIEL L. BLACK, and JACOB L. BLACK,      :
                                                                     :
                    Plaintiff,                      :
                                                                     :
          v.                                           :
                                                                     :
ANTHONY DAIN, CHERIE WRIGLEY, IRA        :
SALZMAN, MELISSA COHENSON, BRIAN A.    :
RAPHAN, P.C., PAMELA KERR, ESAUN G.       :
PINTO, and CPI INVESTIGATIONS                    :
                                                                     :
                Defendants.                 :

-------------------------------------------------------------X

Civil Action No.: 1:16-cv-01238
(CBA) (ST)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Winget, Spadafora & Schwartzberg, LLP
*Attorneys for Defendant Ira Salzman*
45 Broadway, 19th Floor
New York, New York 10006
(212) 221-6900

*Of Counsel*:   Harris B. Katz, Esq.

## TABLE OF CONTENTS

<u>Page No.</u>

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF ALLEGATIONS IN PLAINTIFFS' AMENDED COMPLAINT..................5

    A.    The Three Black Family Trusts ....................................................................5

    B.    Bernard Black's Petition for Appointment as Conservator for Joanne Black
        in Colorado and the Disclaimer ..............................................................6

    C.    Plaintiffs' Allegations Against Mr. Salzman ...........................................9

    D.    Plaintiffs' Alleged Damages .................................................................11

RELEVANT COURT ORDERS RELATED TO THE COLORADO AND NEW YORK
LITIGATION.......................................................................................................12

    A.    Summary of the September 28, 2015 Order of the Honorable Judge
        Elizabeth D. Leith of the Denver, Colorado Probate Court....................12

    B.    Findings made in the February 25, 2016 Order of the Honorable
        Judge Elizabeth D. Leith of the Denver, Colorado Probate Court.........14

    C.    Findings made in the March 17, 2016 Order of the Honorable Judge
        Elizabeth D. Leith of the Denver, Colorado Probate Court....................15

    D.    April 12, 2016 Interim Order of the Honorable Judge Thomas P.
        Aliotta, J.S.C. of the Supreme Court of the State of New York,
        County of Richmond............................................................................16

ARGUMENT.......................................................................................................17

    I.    STANDARD OF REVIEW ..................................................................17

    II.    PLAINTIFFS' AMENDED COMPLAINT FAILS TO STATE A
        CAUSE OF ACTION FOR AIDING AND ABETTING DAIN'S
        ALLEGED BREACH OF HIS FIDUCIARY DUTIES TO PLAINTIFFS..........18

    III.    PLAINTIFFS' AMENDED COMPLAINT FAILS TO STATE A
        CAUSE OF ACTION FOR INDUCING JOANNE BLACK TO
        BREACH FIDUCIARY DUTIES SHE ALLEGEDLY OWED
        TO PLAINTIFFS..................................................................................22

IV.   PLAINTIFFS HAVE FAILED TO ALLEGE COGNIZABLE
      DAMAGES..............................................................................................................22

V.    PLAINTIFFS HAVE FAILED TO NAME NECESSARY PARTIES
      AND PLAINTIFFS, AS MINORS, CANNOT BRING THE PRESENT
      ACTION WITHOUT A REPRESENTATIVE OR GUARDIAN
      AD LITEM APPOINTED ....................................................................................23

VI.   PLAINTIFFS ARE COLLATERALLY ESTOPPED FROM PURSUING
      THE CLAIMS ASSERTED IN THEIR COMPLAINT ........................................24

VII.  PLAINTIFFS' CLAIMS FAIL UNDER THE PROBATE EXCEPTION
      AND/OR ROOKER-FELDMAN DOCTRINE....................................................27

CONCLUSION..............................................................................................................29

## TABLE OF AUTHORITIES

## CASES

*Bailey v. Tricolla*, 1995 U.S. Dist. LEXIS 21420, 1995 WL 548714
(E.D.N.Y. Sept. 12, 1995) ..................................................................................24

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) ...................................17,18

*Capital Telephone Co. v. Pattersonville Telephone Co.*, 56 N.Y.2d 11, 451 N.Y.S.2d 11,
436 N.E.2d 461 (1982) ..................................................................................25

*Carpenter v. Young*, 773 P.2d 561, (Colo. 1989) ........................................................26

*Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359,
368 (2d Cir.1995) ..................................................................................25

*Citibank N.A. v. Galor Construction Co., Inc.*,
60 A.D.2d 667 (3d Dep't, 1997) ..................................................................................23

*Conopco, Inc. v. Roll Int'l.*, 231 F.3d 82 (2d Cir. 2000) ..................................................25, 26

*Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991) ...................................17

*Cosmas v. Hassett*, 886 F.2d 8  (2d Cir. 1989) ........................................................17

*De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65 (2d Cir. 1996) ............................................17

*Fernandez v. Turetsky*,
2016 U.S. App. LEXIS 6731 (2nd Cir. 2016)(Unpublished Decision) ........................................28

*In re Sharp Intl Corp.*, 281 B.R. 506 [ED NY 2002] ....................................................20

*Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86 (2d Cir.1997) .........................................25

*Kaufman v. Cohen*, 307 A.D.2d 113, 760 N.Y.S.2d 157 (1st Dept. 2003) ............................18, 21

*King v George Schonberg & Co.*, 233 A.D.2d 242, 650 N.Y.S.2d 107 [1996] ...........................20

*Kolbeck v LIT Am., Inc.*, 939 F. Supp. 240 [SD NY 1996] ........................................................20

*Kramer v. Time Warner, Inc.*, 937 F.2d 767 (2d Cir. 1991) ........................................................17

*Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 75 S.Ct. 865,
99 L.Ed. 1122 (1955) ..................................................................................24

*Mazzoli v. Am. Bankers Ins. Co.*, 2007 U.S. Dist. LEXIS 52825
(W.D.N.Y. Feb. 28, 2007) ..................................................................................24

iii

*Mercer v. Bank of New York Mellon, N.A.,*
2015 U.S. App. LEXIS 5995 (2nd Cir. 2015) ...............................................................................28

*National Westminster Bank USA v Weksel,* 124 A.D.2d 144, 511 N.Y.S.2d 626 [1987] .............20

*Postlewaite v. McGraw-Hill,* 333 F.3d 42 (2d Cir. 2003) ...........................................................24

*Richards v. Jefferson County,* 517 U.S. 793 (U.S. 1996) ............................................................26

*Rothman v. Gregor,* 220 F.3d 81 (2d Cir. 2000) ........................................................................17

*Sea-Land Servs. v. Gaudet,* 414 U.S. 573 (U.S. 1974) .................................................................25
*Shelter Mut. Ins. Co. v. Miller,* 2013 COA 25, P1, 300 P.3d 998, 2013 Colo.
(Colo. Ct. App. 2013) ...................................................................................................................27

*S & K Sales Co. v Nike, Inc.,* 816 F.2d at 848 ............................................................................20

*Syro Steel Co. v. Mellon Bank (E.) P.S.F.S. Nat'l Ass'n,* 1993 U.S. Dist. LEXIS 6778,
1993 WL 173439 (N.D.N.Y., 1993) ..............................................................................................24

*Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.,*
220 F. Supp.2d 289(S.D.N.Y. 2002) ............................................................................................17

*Vasiljevich v. Levit,*
2011 Ill. App. Unpub. LEXIS 2679 (First District, First Div. 2011) ...........................................19

## STATUTES

Federal Rule of Civil Procedure 12(b)(6) .....................................................................1, 17, 26, 28

Federal Rule of Civil Procedure Rule 19 .......................................................................................23

Federal Rule of Civil Procedure Rule 17(c) ..................................................................................24

18 Moore's Federal Practice § 132.01[2] (3d ed. 2003) ...............................................................25

F. James, Civil Procedure § 11.28, p. 592 (1965) ........................................................................25

## PRELIMINARY STATEMENT

The Defendant, Ira Salzman, through his attorneys, hereby submits this Memorandum of Law in Support of his Motion to Dismiss the Plaintiffs' Amended Complaint, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), for failure to state a claim upon which relief may be granted, and upon other grounds.

As set forth fully below, this lawsuit is nothing other than an attempt by the Plaintiffs to circumvent Court Orders issued in Colorado wherein the Plaintiffs' father, Bernard Black, was found to have committed "civil theft" by siphoning away $1,435,273.23 that was supposed to be deposited in a supplemental needs trust solely for the benefit of his sister, Joanne Black.  Instead, the Colorado Court found that Bernard Black deposited such funds in a separate trust that benefited him and his children.

Plaintiffs claim in this action that the defendant, Anthony Dain ("Dain"), breached fiduciary duties he owed as a co-trustee of the supplemental needs trust created for the benefit of Joanne Black (the "SNT") and as a co-trustee of a separate trust created for the benefit of Bernard Black and his children (the "Issue Trust") by, among other things, taking steps to address the money Bernard Black improperly deposited in the Issue Trust.  Essentially, the Plaintiffs claim that Dain should have permitted their father to commit "civil theft," as found by the Colorado Court.  There is no basis in law for such a claim: Mr. Dain did not owe a fiduciary duty to the Issue Trust to allow its' co-trustee, Bernard Black, to commit "civil theft." Accordingly, Plaintiffs have failed to allege any actionable breach of fiduciary duty on the part of Dain.

The claims against Ira Salzman for aiding and abetting Dain's alleged breach of fiduciary duty as respects the SNT[1] and the Issue Trust are likewise baseless. Mr. Salzman did not aid and abet any breach of fiduciary duty on the part of Dain since Dain did not breach any fiduciary duty. Again, Dain did not owe a fiduciary duty to the Issue Trust or to the Plaintiffs to allow civil theft, or to allow the Issue trust to continue to hold funds that Bernard Black has been found by a Colorado Court to have improperly diverted. Moreover, there is no basis for any claim against Mr. Salzman based upon work he performed to assist his client, Joanne Black, in obtaining a judgment in her favor against Bernard Black for Mr. Black's improper diversion of monies that rightfully belong to her; to suggest otherwise is absurd. Mr. Salzman did not owe any duty to the Plaintiffs, nor did he provide Dain with any assistance, much less substantial assistance, towards any breach of fiduciary duty owed to the Plaintiffs.

The only other claim asserted against Mr. Salzman is for aiding and abetting a breach of fiduciary duty on the part of Joanne Black, which claim is similarly without merit. The Plaintiffs make the remarkable claim that Joanne Black – who was forced to pursue litigation to, among other things, address monies improperly deposited in the Issue Trust in lieu of a trust created for her benefit -- somehow breached fiduciary duties allegedly owed to the Plaintiffs. Aside from the irrational nature of this claim, it fails as a matter of law because Joanne Black does not owe the Plaintiffs or the Issue Trust any fiduciary duties. It is respectfully submitted that a lifetime beneficiary of a trust does not owe a fiduciary duty to a remainder beneficiary. Plaintiffs claim that co-beneficiaries owe each other fiduciary duties, but, even assuming *arguendo* that is the case, Plaintiffs are not co-beneficiaries of the SNT; Plaintiffs merely allege that the Issue Trust is a remainder beneficiary of the SNT. Since Joanne Black does not owe the Plaintiffs a fiduciary

---

[1] It is respectfully submitted that the Plaintiffs lack standing to assert any claims related to the SNT. Plaintiffs are not trustees of the SNT, nor are they individual beneficiaries of the SNT. Plaintiffs merely allege that the Issue Trust, a non-party, is a remainder beneficiary.

2

duty, it goes without saying that Plaintiffs have failed to state a claim against Mr. Salzman for aiding and abetting a breach of fiduciary duty under this erroneous theory. Moreover, even if Joanne Black did owe a fiduciary duty to the Issue Trust, which she did not, she certainly did not owe the Issue Trust a fiduciary duty to allow it to retain monies that rightfully belong to her and/or to allow civil theft. Any such claim would, at a minimum, violate the public policy of the State of New York.

Even if the Plaintiffs did somehow state a claim against Mr. Salzman for aiding and abetting a breach of fiduciary duty on the part of Dain or Joanne Black, which they have not, there are several other reasons why Plaintiffs' Amended Complaint should be dismissed. Plaintiffs' claims in this action are potentially barred by collateral estoppel. While Bernard Black has appealed the Colorado Orders, if such Orders are affirmed on appeal, then Plaintiffs would be collaterally estopped from arguing in this action that there was any breach of fiduciary duty owed to them, since there would be a final decision concluding that the funds at issue never should have been used by Plaintiffs and/or deposited in the Issue Trust in the first place. As explained below, even though the Plaintiffs were not individually named parties in the Colorado litigation, such decision would be binding on them since the trustee of the Issue Trust, Bernard Black, had a full and fair opportunity to litigate such issues in Colorado, and, in fact, was represented by counsel throughout the Colorado hearing.

In addition, Plaintiffs' Amended Complaint should be dismissed for failure to name necessary parties. Plaintiffs have failed to name any of the trustees of the Issue Trust, and have failed to name each of the trustees of the SNT. It is respectfully submitted that all of the trustees of the two trusts at issue are necessary parties to this action. Nor have the Plaintiffs named all of the beneficiaries of the Issue Trust, who are also necessary parties to this action. We further note

that two of the named Plaintiffs, Daniel Black and Jacob Black, are, upon information and belief, minors. These minors cannot pursue this action without a guardian ad litem or other representative appointed to represent their interests.

Finally, Plaintiffs have failed to allege any cognizable damages. Oddly, most of the damages sought in the Amended Complaint pertain to alleged monies non-party Bernard Black allegedly paid in connection with legal fees associated with certain related litigation in Colorado and New York. However, the Plaintiffs cannot seek damages in this case on behalf of their father, who is a non-party.[2] Plaintiffs also claim that they have been damaged because they cannot use the money that was improperly deposited in the Issue Trust to pay their student loan payments (due to freeze orders currently in place). However, if the Colorado decisions are affirmed on appeal, then there would be a final decision confirming that such funds never should have been deposited in the Issue Trust in the first place and thus confirming that the Plaintiffs were never supposed to use such funds to pay their student loan debt. We further note that when removing the claims relative to *non-party* Bernard Black for legal fees he has allegedly incurred (which are clearly not actionable herein since he is not a party), Plaintiffs have failed to allege a monetary claim above the required jurisdictional amount of $75,000, warranting dismissal of the action for failure to allege the monetary threshold required for diversity jurisdiction.

In sum, the Amended Complaint should be dismissed in its entirety; or, in the alternative, this action (including any decision on this motion) should be stayed pending the outcome of the Colorado appeals.

---

[2] It appears that the Plaintiffs have attempted to avoid naming Bernard Black as a plaintiff in this action to try and get around dismissal of this action on collateral estoppel grounds. However, as set forth more fully below, Plaintiffs should still be collaterally estopped from pursuing this action, since their interests were fully and adequately represented by their father in the Colorado proceeding. In any event, Plaintiffs should not be permitted to have it both ways: Plaintiffs should not be permitted to attempt to avoid the negative implications of naming Bernard Black as a plaintiff but still be able to seek alleged damages on his behalf.

## STATEMENT OF ALLEGATIONS IN PLAINTIFFS' AMENDED COMPLAINT

Plaintiffs' Amended Complaint (the "Complaint") is 246 pages long and contains 1,513 individually-numbered paragraphs.[3]   For the sake of brevity, and although Mr. Salzman vehemently denies any and all allegations of wrongdoing set forth in the Complaint, we summarize those allegations relevant to the claims asserted against Mr. Salzman for purposes of this motion *only* below.[4]

### A.  The Three Black Family Trusts

Plaintiffs allege that in 1997, their now-deceased grandmother, Renata Black, established two family trusts under New York law, the SNT for the benefit of Renata Black's allegedly mentally disabled daughter, non-party Joanne Black, and the Issue Trust to which the Plaintiffs allege they are beneficiaries. *See* **Exhibit "A,"** ¶6. Plaintiffs allege that the Issue Trust itself is the remainder beneficiary of the SNT and, as a result, Plaintiffs allege that they are remainder beneficiaries of the SNT. *Id.* at ¶48. Plaintiffs allege that their father, non-party Bernard Black, is a co-trustee of both trusts (Bernard Black is Renata Black's son and Joanne Black's sister). *Id.* at ¶49. Plaintiffs allege that Co-Defendant, Anthony Dain (Plaintiffs' first cousin once removed), is also a co-trustee of the SNT and allegedly was also a co-trustee of the Issue Trust until his purported resignation in late 2015.  *Id.* at ¶10. Plaintiffs allege that Renata Black's Last Will and Testament provided that upon her death, 2/3$^{rds}$ of her Estate would flow to the SNT and the other 1/3rd of her Estate would flow to the Issue Trust.  *Id.* at ¶¶6, 45.

---

[3] A true and correct copy of Plaintiffs' Amended Complaint is annexed to the Declaration of Harris B. Katz dated July 25, 2016 ("HBK Decl.") as **Exhibit "A."**

[4] A motion to dismiss tests only the legal sufficiency of the Complaint.  This Summary of the Allegations is for purposes of this motion to dismiss only and is taken from the Complaint.  Mr. Salzman is not admitting any of the allegations in the Complaint and, in fact, denies all claims and allegations of wrongdoing asserted against him.

Plaintiffs allege that Renata Black had certain financial accounts with balances of approximately $3,000,000 that were titled solely in her name. *Id.* at ¶¶12,52. Plaintiffs further allege that, five-weeks prior to her death, Renata Black added payable on death ("POD") beneficiary designations to these accounts, making 95% payable to Joanne Black and 1% payable to each of Bernard Black's five children by his first marriage (including Plaintiff Sarah Black). *Id.* at ¶13, 53. Plaintiffs allege that creation of these beneficiary designations removed these assets from Renata Black's probate estate; the effect was that Joanne Black was to receive approximately $3,000,000 outright rather than in trust. *Id.* ¶ ¶67-68. Renata Black died in 2012 and Bernard Black was named the Executor of Renata Black's Estate. *Id.* at ¶¶1, 7.

B. Bernard Black's Petition for Appointment as Conservator for Joanne Black in Colorado and the Disclaimer

According to the Complaint, upon Renata's death and the discovery of the POD designations, all members of the Black Family purportedly agreed that the new POD designation was either a mistake by an elderly woman or outright fraud performed by someone else, perhaps by Joanne herself. *Id.* at ¶62. According to the Complaint, several members of the Black Family announced an intention to sue to invalidate the POD designation. *Id.* at ¶63. However, there were allegedly negative consequences to Joanne Black that would result from such litigation. *Id.* at ¶64-71. Plaintiffs allege that in order to avoid such results, Bernard Black convinced the Black Family members to hold off on litigation over the POD designation, so that he could apply to the Colorado Courts to become Joanne Black's conservator, at which time he could then disclaim Joanne's direct receipt of the Vanguard funds (the "Disclaimer") so that they would flow into Renata Black's Estate and from there into the trusts. *Id.* at ¶71. According to the Complaint, through the Disclaimer, Joanne Black would, among other things, gain immediate access to funds, incur no litigation expenses and gain secure placement of two-thirds of the

6

disclaimed funds in the SNT pursuant to Renata Black's will. *Id.* at ¶73. Plaintiffs further allege that pursuant to the Disclaimer, the remaining one-third of the Vangaurd accounts would flow to the Issue Trust in accordance with Renata Black's estate plan rather than to Joanne directly. *Id.* at ¶74.

In 2012, Bernard Black sought the authority to become special conservator and permission to disclaim, on behalf of Joanne Black, the Vanguard funds in the Colorado Court. *Id.* at ¶97. According to the Complaint, Bernard Black also allegedly created a third Black Family Trust (referred to herein as the "2013 Trust") for the benefit of Joanne Black to receive and hold Joanne's workers compensation benefits, because the SNT could only receive assets from Renata Black's estate. *Id.* at ¶100. In 2012, Bernard Black was allegedly granted general conservatorship powers by the Colorado Court, including the disclaimer power that he had requested. *Id.* at ¶102. The Disclaimer was allegedly carried out in 2013, after which funds from the Estate of Renata Black became available to be contributed to the Issue Trust and the SNT. *Id.* at ¶117. According to the Complaint, Bernard Black made requests to Dain, as co-trustee of the three Black Family Trusts, to sign a series of account opening documents for the Three Trusts. *Id.* at ¶118.

The Plaintiffs allege that Dain did not execute the necessary documents for several months. *Id.* at ¶¶118-121. Allegedly, upon his execution of the necessary documents, Dain still impeded Bernard Black's efforts to manage the trusts, by refusing to sign checks from the trusts to cover the beneficiaries' expenses. *Id.* at ¶¶122-123. During this time, the Plaintiffs allege that Bernard Black, in connection with providing Joanne Black the support and services needed, acting as executor of the Estate of Renata Black, made payments directly from the Estate to benefit Joanne Black as a "workaround" to Dain's alleged refusal to carry out his duties as

trustee. *Id.* at ¶124. In addition, Plaintiffs allege that Bernard Black similarly paid student loans and other education expenses directly from the Estate for the benefit of his children. *Id.* at ¶124.

Plaintiffs allege that despite the Colorado Court's initial approval of the Disclaimer in 2012 and 2013, which allegedly allowed for two-thirds of the Estate to be deposited in the SNT and one-third of the Estate to be deposited in the Issue Trust, Dain and Wrigley, in an attempt to defund the trusts, initiated litigation against Bernard Black and the Black Family Trusts in Colorado and New York courts. *Id.* at ¶180. According to the Complaint, the goal of Dain and Wrigley's litigation was to take control of the Black Family Trusts' assets. *Id.* at ¶¶180-182. Dain allegedly ultimately obtained a freeze on the trusts from the Colorado Court, which prevented Bernard Black and his children from having access to the trust funds for their purported original purpose of paying off student loans. *Id.* at ¶¶186-187.

Plaintiffs further allege that in Colorado, Dain and Wrigley unsuccessfully sought to have the Disclaimer deemed invalid and the trusts defunded, while simultaneously filing litigation in New York to obtain personal and property guardianship over Joanne Black. *Id.* at ¶200. Plaintiffs allege that these actions were all a part of Wrigley and Dain's scheme to defund the trusts and have the funds directed to Joanne Black, which would then give Wrigley ultimate control over the funds. *Id.* at ¶¶200-201.

Plaintiffs allege that Dain and Wrigley successfully persuaded the Colorado Judge, by way of perjury, that Dain and Wrigley never understood the Disclaimer to allow for the deposit of two-thirds of the funds to the SNT and one-third to the Issue Trust, but rather that the SNT would receive 100% of the funds for the benefit of Joanne Black pursuant to the POD. *Id.* at ¶¶206-207. Plaintiffs allege that as a result of the purported perjury of both Dain and Wrigley, the Colorado Court imposed personal liability on Bernard Black for providing insufficient

disclosures of the implications of the Disclaimer. *Id.* at ¶207. Plaintiffs allege that the Colorado Court froze the trust assets in 2015 and that those assets remain frozen today. *Id.* at ¶221. Bernard Black has appealed the Colorado Court's decision. *Id.* at ¶212.

According to the Complaint, Dain has now instituted an action in New York to have Samuel Black removed as co-trustee of the SNT, purportedly in an effort to gain total control over the SNT. *Id.* at ¶214-219. Plaintiffs allege, in part, that Wrigley and Dain have conspired to deprive Plaintiffs and Joanne Black of their interests in the trusts by allegedly scheming to funnel assets to themselves for their own benefit. Plaintiffs further claim that throughout the course of the New York and Colorado proceedings, Dain and Wrigley have engaged in an organized campaign of witness tampering, extortion and coercion in order to obtain trust assets. *Id.* at ¶¶236-342, 260-360.

## C. Plaintiffs' Allegations Against Mr. Salzman

Plaintiffs have asserted two claims against Mr. Salzman for: (1) aiding and abetting Dain's alleged breach of fiduciary duties to the Plaintiffs and Joanne Black (*see Id.* at ¶¶393,417,418); and (2) inducing Joanne Black to breach her purported fiduciary duties to the Plaintiffs as remainder beneficiaries of the SNT (*Id.* at ¶1400).

In support of these claims, Plaintiffs allege that Dain and Wrigley retained and paid Mr. Salzman, an experienced attorney with expertise in trusts and estates, to serve as Joanne Black's New York counsel beginning in 2014. *Id.* at ¶¶361-364. However, Plaintiffs allege, in an entirely conclusory fashion, that Mr. Salzman has purportedly abdicated his duties to his client, Joanne Black, and is instead purportedly actively acting as Dain and Wrigley's agent in support of Dain and Wrigley's alleged scheme to defund the trusts. *Id.* at ¶363. In that regard, Plaintiffs make the following conclusory allegations which are devoid of any factual basis whatsoever: (1)

9

Mr. Salzman allegedly knew that Dain was seeking to reverse the Disclaimer and knew that reversal would defund the SNT and Issue Trust, and result in the disclaimed assets going directly to Joanne Black and thus to Wrigley's control as Joanne Black's guardian; (2) Mr. Salzman allegedly knew or should have known that Dain's effort to reverse the Disclaimer was a breach of [Dain's] fiduciary duties to the SNT, the Issue Trust, and their beneficiaries; and (3) Mr. Salzman allegedly provided substantial assistance to Dain in [Dain's] effort to reverse the Disclaimer and defund the SNT and the Issue Trust, by, among other things, submitting a motion to reverse the Disclaimer in New York, acting as Joanne Black's counsel in New York hearings and supporting reversal of the Disclaimer, and acting as Joanne Black's counsel in Colorado hearings and supporting reversal of the Disclaimer. *See* Cmplt., Pgs. 55-56, ¶¶1381-1433.

Plaintiffs go on to further make the following wholly unsupported allegations which Plaintiffs claim support their assertion that Mr. Salzman is actively supporting Dain and Wrigley's alleged scheme to defund the trusts: (1) Mr. Salzman has allegedly ignored evidence of the alleged scheme to defund the trusts (*Id.* at ¶1384); (2) Mr. Salzman has allegedly refused to consider all settlement offers made by the Black family to Joanne Black (*Id.* at ¶396-402); (3) Mr. Salzman's alleged disloyalty to his client, Joanne Black, has allegedly cost Joanne Black hundreds of thousands of dollars in unnecessary legal fees (*Id.* at ¶¶429-1430); (4) Mr. Salzman allegedly made certain unidentified false statements in Colorado and New York Courts (*Id.* at ¶¶1405, 1410-1411); (5) Mr. Salzman allegedly suborned perjury from Co-Defendant Pinto during the New York guardianship proceedings (*Id.* at ¶1407); (6) Mr. Salzman allegedly threatened Plaintiffs' Illinois counsel with a purported frivolous motion for sanctions if Plaintiffs' Illinois counsel did not withdraw a declaratory action relating to the Issue Trust (*Id.* at ¶¶1424-1427); (7) Mr. Salzman allegedly assisted Dain and Wrigley in manipulating and

10

pressuring Joanne Black into suing the Black family to defund the trusts (*Id.* at ¶1403); (8) Mr. Salzman allegedly blocked Bernard Black, as Joanne Black's conservator, from paying her housing expense (*Id.* at ¶¶1419-1421); (9) Mr. Salzman, together with Dain, allegedly committed witness tampering by threatening to seek sanctions against Bernard Black if he or members of the Black family opposed Wrigley's petition for guardianship of Joanne Black (*Id.* at ¶1413); and (10) Mr. Salzman allegedly provided direct and knowing assistance to other Defendants who worked to advance Joanne Black's effort to defund the trusts and thus breach her purported fiduciary duties to the Plaintiffs (*Id.* at ¶1414).

### D. Plaintiffs' Alleged Damages

As a result of the Defendants' alleged conduct, Plaintiffs claim the following alleged damages: (i) litigation and accounting expenses *incurred by the Estate of Renata Black*, from funds that would have otherwise been distributed to the SNT and the Issue Trust; (ii) litigation expenses and accounting *incurred by Bernard Black* as executor to defend against Dain's actions, for which he is entitled to reimbursement from the Estate of Renata Black, and if Estate funds are insufficient, from the SNT and the Issue Trust; and (iii) litigation expenses *incurred by Bernard and Samuel Black* as trustees of the Issue Trust and the SNT to defend against Dain's actions, for which they are entitled to reimbursement from the Issue Trust and the SNT; and (iv) transaction costs and interest expense *incurred by Bernard Black* on loans used to pay litigation and accounting expenses. *See* **Exhibit "A**,**"** ¶ 527.

Plaintiffs also claim future damages which may include: (i) additional legal and accounting expenses; (ii) additional interest and transaction costs on personal *borrowing by Bernard Black*; (iii) *reimbursement of Bernard Black* for any amounts he pays personally, arising out of his defense of the Black Family Trusts against Dain's actions; and (iv) payments by the

11

Issue Trust to settle litigation challenging the funding of the Issue Trust and other actions *by Bernard Black in his various roles*, including as co-trustee of the Issue Trust. *Id.* at ¶ 528. In addition, Plaintiffs seek punitive damages, as well as injunctive relief aimed at preventing Dain and others from continuing to attack the Issue Trust and seeking to remove Dain as a trustee of the SNT. *Id.* at ¶¶ 530-532.

## RELEVANT COURT ORDERS RELATED TO THE COLORADO AND NEW YORK LITIGATION

With respect to the proceedings held in Colorado and New York, Plaintiffs conveniently omit many of the specific details and Court rulings from their Complaint. Since the Colorado Court Orders refute many of the allegations in Plaintiffs' Complaint, they should be considered by the Court on this motion to dismiss. We summarize the relevant findings and outcomes of the related proceedings below.

A. Summary of the September 28, 2015 Order of the Honorable Judge Elizabeth D. Leith of the Denver, Colorado Probate Court[5]

On October 16, 2012, Plaintiffs' father, Bernard Black (who is an attorney and law professor at Northwestern University), petitioned the Denver Probate Court for appointment as his sister, Joanne Black's, conservator. *See* Salzman Decl., **Exhibit "A,"** p. 2. The Probate Court granted Bernard Black's petition and appointed him as Joanne Black's conservator. *Id.* at 3. Ultimately, the Probate Court's Order, "require[d] [Bernard Black] to file an inventory and financial plan on March 11, 2013 to report Joanne Black's assets existing on the date of appointment, and directed [Bernard Black] to place respondent's assets into a Supplemental Needs trust for [Joanne Black's] benefit." *Id.*

---

[5] A true and correct copy of the September 28, 2015 Order of Honorable Judge Elizabeth D. Leith of the Denver, Colorado Probate Court is annexed to the Declaration of Ira Salzman, dated July 25, 2015 ("Salzman Decl.") as **Exhibit "A."**

After Bernard Black failed to timely file the annual conservator's report on March 11, 2014, his letters were suspended and he was ordered to appear before the Probate Court to show cause why his letters should not be revoked. *Id.* at pp. 3-4. Bernard Black then filed the annual report on June 23, 2014; however, the Probate Court's review of same noted increased expenditures which were not approved on the financial plan. *Id.* at p. 4. As a result, Bernard Black filed an amended report purporting to explain the increased expenditures. *Id.*

In a supplemental objection, Mr. Dain advised the Court that, "Mr. Black had, during adversary proceedings in New York, admitted that he had transferred approximately $1 million of [Joanne Black's] assets into the issue trust." *Id.* The Court suspended Mr. Black's authority to act as conservator and entered an Order to freeze Joanne Black's assets and all accounts in the conservatorship pending the outcome of a hearing. *Id.* at 5. Bernard Black was present and was represented by counsel at the hearings, which were held on June 16-17, 2015, August 5, 2015 and September 8, 2015. *Id.* at 1. Also present at the hearings were Lisa DiPonio, Gayle Young, Dain, Wrigley and the Probate Court-appointed Special Conservator. *Id.* Mr. Salzman appeared via telephone for the hearings and Joanne Black also appeared via telephone for portions of the hearings. *Id.* The Probate Court heard testimony, statements and argument of counsel, reviewed exhibits entered into evidence, the record and relevant authority. *Id.*

The Probate Court found after the evidentiary hearing that Bernard Black did not properly disclose to the Probate Court his intention to use the disclaimer to redirect one-third (1/3) of Renata Black's non-probate assets to anyone other than Joanne Black and that as a result of his failure to disclose, Bernard Black did not have authority to redirect the assets. *Id.* at 5. The Probate Court was unpersuaded by Bernard Black's argument that one-third (1/3) of the assets were "implicitly" going somewhere else. *Id.* at 9. The Probate Court found that Bernard

13

Black's failed to disclose to the court, GAL, CAC, Mr. Dain and Joanne Black that he intended to direct one third of the POD assets into the Issue Trust which benefited himself and his children, thereby breaching his fiduciary duties to Respondent Joanne Black. *Id.* at 8. The Court also found that Bernard Black had committed civil theft by not depositing over $1,000,000 of the Vanguard funds into the SNT and ordered that Joanne Black be awarded treble damages, for a total award against Bernard Black in the sum total of $4,534,068[6]. *Id.* at 13.

Notably, the Probate Court further found that "…the actions of Cheri Wrigley and Anthony Dain have solely been for the benefit of their cousin, Joanne Black." *Id.* at 13. Finally, the Probate Court expressed the following concern about Mr. Black's future actions:

> This Court remains extremely concerned that its orders and intentions will be misrepresented by Bernard Black and Counsel appearing on his behalf to New York Courts as has apparently been done previously. This Court hopes that any questions which may arise as a result of this Order or any clarifications deemed necessary will be quickly brought to this Court's attention for resolution.

*Id.* at p. 15.

B. Findings made in the February 25, 2016 Order of the Honorable Judge Elizabeth D. Leith of the Denver, Colorado Probate Court[7]

Dain made an application as a trustee of the SNT to use SNT trust funds to pay for attorneys and other professionals to represent and defend Joanne Black in lawsuits brought by Bernard Black against Joanne Black and others. *See* Salzman Decl., **Exhibit "B,"** p. 1. One of these matters involved the complaint filed by Bernard Black and Samuel Black in Federal District Court in Illinois against Joanne Black seeking a declaratory judgment that Bernard Black and Samuel Black are "free of restraint to carry out their obligations to administer the Issue Trust," including "payment of costs of management and administration of the Issue Trust Estate

---

[6] We note that this figure was later adjusted to $4,305,819.69 pursuant to the Colorado Probate Court's March 17, 2016 Order.

[7] A true and correct copy of the February 25, 2016 Order of the Honorable Judge Elizabeth D. Leith of Denver, Colorado Probate Court is annexed to the Salzman Decl. as **Exhibit "B."**

and, in their sole discretion, distribute funds to [Bernard Black] as beneficiary of the Issue Trust… and to pay [Bernard Black's] financial needs."[8] *Id.*

In its decision, The Colorado Probate Court discussed the "incorrect statements contained in that complaint regarding the Probate Court's Orders, namely that the complaint mentions the Probate Court's Status Conference Order freezing all assets related to Joanne Black but fails to reference the Probate Court's September 28, 2015 Order which found that Bernard Black has breached his fiduciary duties to Joanne Black and committed civil theft. *Id.* at 3. The Probate Court noted that essentially Bernard Black is requesting that the Illinois District Court permit him to use the trust funds he misappropriated from Joanne Black to maintain litigation he has initiated against Joanne Black and his cousins. *Id.*

C. Findings made in the March 17, 2016 Order of the Honorable Judge Elizabeth D. Leith of the Denver, Colorado Probate Court[9]

A hearing was held on February 18, 2016 in connection with motions related to expert fees, attorney fees and costs, fees and costs related to Wrigley and the calculation of the judgment amount related to the Probate Court's finding of surcharge in connection with Bernard Black's civil theft of trust funds. *See* Salzman Decl., **Exhibit "C,"** at p. 1. Bernard Black did not personally appear, but rather appeared through his Counsel of Record. *Id.* In its decision, the Probate Court made the following findings regarding Mr. Salzman and his attorneys' fee application, in relevant part:

> **Based on the record and testimony presented the Court finds that Mr. Salzman's fees and costs are reasonable, within the rates charged in the community in which Mr. Salzman practices, and were absolutely necessary for Joanne Black's defense against the depredations made by Bernard Black.** Mr. Salzman testified regarding his expertise in the issues presented in this matter

---

[8] That action, previously pending in the United States District Court for the Northern District of Illinois, Eastern Division (case no.: 16 CV 1763), has been dismissed for lack of jurisdiction.

[9] A true and correct copy of the March 17, 2016 Order of the Honorable Judge Elizabeth D. Leith of Denver, Colorado Probate Court is annexed to the Salzman Decl. as **Exhibit "C."**

and is Joanne Black's counsel in the New York proceedings.  Mr. Salzman testified as to his efforts to ensure proceedings in New York and Colorado, which are interrelated, are properly coordinated.  Mr. Salzman further testified that his involvement in the Colorado proceedings has been necessary and critical to Joanne Black's case, and that he "got the ball rolling" on the missing one-third of trust funds.  Mr. Salzman testified that if not for what Bernard Black did in Denver, his services would not have been necessary at all.  The Court finds Ira Salzman's fees constitute part of the damages based on Bernard Black's breach of fiduciary duties, **especially as the authority granted to Mr. Black was not exercised in good faith solely for the benefit of Joanne Black.  To the contrary, Mr. Black used the authority granted to him as a conservator to divest Joanne Black of funds that Renata Black had left to her directly** along with Mr. Black's five eldest children.

....**The Court finds Mr. Salzman has special skills related to guardian and conservator proceedings, has a high reputation and is particularly suited to assist Joanne Black.**  This matter was complex from its initiation and has become increasingly complex due to the filings that now extend into at least four jurisdictions, which include the US District Court in Chicago.  Mr. Salzman's fees and costs charged are, in their entirety, reasonable, have resulted in a compensable benefit to the conservatorship estate and are surcharged to Bernard Black as damages.

*Id.* at pp. 3-4.

D. Underline April 12, 2016 Interim Order of the Honorable Judge Thomas P. Aliotta, J.S.C. of the Supreme Court of the State of New York, County of Richmond[10]

Hearings were held in New York State Court on March 21, 2016 and March 22, 2016 regarding whether Joanne Black required the appointment of a Guardian.  After these hearings, Joanne Black sought to apply to become the payee of her own social security benefits rather than having a Representative Payee for said benefits and sought an interim order setting forth same so that she can present said Order to the United States Social Security Administration. *See* Salzman Decl., **Exhibit "E,"** pp. 1.   In an interim Order dated April 12, 2016, the Supreme Court of the State of New York determined that Joanne Black did not lack capacity and therefore did not

---

[10] A true and correct copy of the April 12, 2016 Interim Order of the Honorable Judge Thomas P. Aliotta, J.S.C. of the Supreme Court of the State of New York, Richmond County, is annexed to the Salzman Decl. as **Exhibit "D."**

require the appointment of a guardian, and that the Social Security Administration is to allow Joanne Black to become the payee of her social security benefits check. *Id.* at p. 2.

**ARGUMENT**

## I.   STANDARD OF REVIEW

FRCP 12(b)(6) provides that a party may move for dismissal of a cause of action for "failure to state a claim upon which relief can be granted."  For purposes of a motion to dismiss, a complaint is deemed to include: any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference (*see Cosmas v. Hassett,* 886 F.2d 8, 15 (2d Cir. 1989), as well as public disclosure documents required by law to be, and that have been, filed (*see Kramer v. Time Warner, Inc.,* 937 F.2d 767, 774 (2d Cir. 1991)), and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit (*see Cortec Industries, Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47-48 (2d Cir. 1991), *cert. denied*, 503 U.S. 960; 112 S.Ct. 1561 (1992); *Rothman v. Gregor*, 220 F.3d 81, 88-89 (2d Cir. 2000)).

In resolving a motion to dismiss pursuant to Rule 12(b)(6), "[m]ere conclusory allegations without factual support are insufficient to survive a motion to dismiss." *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 220 F. Supp.2d 289, 292 (S.D.N.Y. 2002); *see also De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 70 (2d Cir. 1996) ("A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)").

As explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007), "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." (citation omitted). The Supreme Court summarized its holding by stating that a court must dismiss a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Here, it is entirely appropriate for this Court to consider the aforementioned Colorado and New York Court orders in connection with deciding the instant motion to dismiss, since such documents are public records that the Plaintiffs were aware of prior to filing this action; moreover, Plaintiffs' claims relate to the litigation in which such orders were issued.

## II.   PLAINTIFFS' AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR AIDING AND ABETTING DAIN'S ALLEGED BREACH OF HIS FIDUCIARY DUTIES TO PLAINTIFFS

Plaintiffs allege that Mr. Salzman has aided and abetted Dain's purported breach of his fiduciary duties owed to Plaintiffs as co-trustee of the SNT and the Issue Trust under New York law (the state in which the SNT and Issue Trust were created and where Renata Black resided when she passed away) and Illinois law (the state in which the trust assets are allegedly managed and located). However, Plaintiffs' claims fail since the Complaint fails to plead a factual basis sufficient to state a claim for aiding and abetting a breach of fiduciary duty under both New York and Illinois law.

In their Complaint, Plaintiffs cite to the case of *Kaufman v. Cohen*, 307 A.D.2d 113, 125, 760 N.Y.S.2d 157, 169 (1st Dept. 2003), in which Plaintiffs lay out the elements of a claim for aiding and abetting a breach of fiduciary duty in New York: "(1) A breach by a fiduciary of obligations to another; (2) that the defendant knowingly induced or participated in the breach; and (3) that the plaintiff suffered damage as a result of the breach." Under Illinois law, to state a claim for aiding and abetting, a plaintiff must show: "(1) the party whom the defendant aids must perform a wrongful act which causes an injury; (2) the defendant must be regularly aware of his

role as part of the overall or tortious activity at the time that he provides the assistance; (3) the defendant must knowingly and substantially assist the principal violation." *Vasiljevich v. Levit*, 2011 Ill. App. Unpub. LEXIS 2679 (First District, First Div. 2011).[11]

Here, the Colorado Orders entirely refute Plaintiffs' claim. Dain did not owe a fiduciary duty to allow the Issue Trust to commit "civil theft," as found by the Colorado Court, and thus there was no breach of fiduciary duty by Dain. Further, even assuming *arguendo* that the Colorado Orders were reversed on appeal that would still not establish a breach of fiduciary duty by Dain because the decision of the lower Court at a minimum establishes that Dain had a reasonable basis for proceeding as he did. Moreover, Mr. Salzman's participation in obtaining a judgment in favor of his only client relative to this action, Joanne Black, does not form the basis of a claim by the Plaintiffs. Indeed, the Colorado Judge found that Mr. Salzman's participation was absolutely necessary to stop the depredations of Bernard Black. The Colorado Orders entirely refute Plaintiffs' claim and warrant dismissal of same.

In *Kaufman*, a limited partnership had owned a building known as the "Falchi Building" that it planned to rehabilitate and develop. When it encountered financial difficulties, the defendant managing partner ("Cohen") told the plaintiffs, limited partners, that the situation was hopeless and that they should allow foreclosure to occur. The limited partners allegedly learned years later that Cohen and his new associates had remained involved with the building and had ultimately taken ownership. The plaintiffs commenced an action against Cohen for breach of fiduciary duty, alleging that Cohen's representation that the partnership's interest in the building was not salvageable was false, was known by Cohen to be false when made and that plaintiffs reasonably relied on the representation as a partner and fiduciary. The plaintiffs alleged that the falsity of Cohen's representation was demonstrated by the fact that, at the same time he made

---

[11] A copy of said unpublished decision is annexed to the Katz Decl. as **Exhibit "B"**.

the representation, Cohen was secretly agreeing with new financial partners to reacquire the building out of foreclosure at a substantial discount, and to the exclusion of plaintiffs.

The plaintiffs also asserted a claim for aiding and abetting the alleged breach of fiduciary duty against several entities which Cohen allegedly had a stake in and which allegedly assisted Cohen in reacquiring the building (the "Falchi Defendants"). In granting the Falchi Defendants' motion to dismiss the complaint on the basis that the complaint failed to sufficiently allege that the Falchi Defendants had actual knowledge of Cohen's alleged breach of fiduciary duty to the plaintiffs, the Court held:

> Although a plaintiff is not required to allege that the aider and abettor had an intent to harm, there must be an allegation that such defendant had actual knowledge of the breach of duty (see S & K Sales Co. v Nike, Inc., 816 F.2d at 848; In re Sharp Intl Corp., 281 B.R. 506, 514 [ED NY 2002]). **Constructive knowledge of the breach of fiduciary duty by another is legally insufficient to impose aiding and abetting liability** (see Kolbeck v LIT Am., Inc., 939 F. Supp. 240, 246 [SD NY 1996], affd 152 F.3d 918 [2d Cir 1998]).

*Id.* at 125 (emphasis added).

> A person knowingly participates in a breach of fiduciary duty only when he or she provides "substantial assistance" to the primary violator (see King v George Schonberg & Co., 233 A.D.2d 242, 243, 650 N.Y.S.2d 107 [1996]; National Westminster Bank USA v Weksel, 124 A.D.2d 144, 148-149, 511 N.Y.S.2d 626 [1987] lv denied 70 N.Y.2d 604, 519 N.Y.S.2d 1027, 513 N.E.2d 1307 [1987]; see also S & K Sales Co. v Nike, Inc., 816 F.2d at 849; In re Sharp Intl. Corp., 281 BR at 516). **Substantial assistance occurs when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur** (see Kolbeck v LIT Am., Inc., 939 F. Supp. at 247). **However, the mere inaction of an alleged aider and abettor constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff** (see In re Sharp Intl. Corp., 281 BR at 516).

*Id.* at 126 (emphasis added).

The Court noted that the plaintiffs' allegations against the Falchi Defendants concerning the purported knowledge of Cohen's alleged breach was, as here, wholly conclusory: "Upon information and belief, defendants Falchi L.P., CMC, MC Holdings, CFG and Kislin were aware of Cohen's and plaintiff's prior involvement with and beneficial ownership interest in the Falchi

Building, and therefore knew of the fiduciary duty owed to plaintiffs by Cohen or acted in reckless disregard of the same." *Id.* at 125. However, the Court noted that the complaint failed to allege any facts:

> from which it could be inferred that the Falchi defendants had actual knowledge that Cohen was secretly trying to exclude his former partners from reacquiring an interest in the Falchi Building. Moreover, the fact that Cohen is alleged to have a beneficial interest in one or more of the Falchi entities establishes, at most, constructive knowledge.

*Id.* at 125, 126.

The Court further noted that the Falchi Defendants' assistance to Cohen in reacquiring the building could not be considered a breach of fiduciary duty in and of itself given that that such activity is not unusual for those in the commercial real estate development business.

Here, as in *Kaufman*, Plaintiffs have merely set forth conclusory and factually unsupported allegations that Mr. Salzman aided and abetted Dain's alleged breach of fiduciary duty to Plaintiffs. While Plaintiffs have alleged that Mr. Salzman knew or should have known of Dain's alleged plan to obtain Plaintiffs' interest in trust monies for himself and that Mr. Salzman allegedly substantially assisted in same, Plaintiffs have simply failed to allege any factual basis that would support a claim that Mr. Salzman had *actual knowledge* of Dain's alleged scheme. These allegations are particularly nonsensical and unsupported when viewing them in the context of the Colorado Orders which entirely refute such allegations by making clear that Ira Salzman's actions were a necessary response to the depredations of Bernard Black, and that Dain had acted in accordance with the best interest of Joanne Black.[12] As such, Plaintiffs have failed to state a

---

[12] While Mr. Salzman vehemently denies all claims and allegations of wrongdoing asserted against him in this action, we note that Plaintiffs' allegations against Mr. Salzman are contradicted by prior Court Orders and/or irrelevant to the claims asserted. In particular, the allegations asserted against Mr. Salzman concerning the Colorado litigation are expressly contradicted by the Colorado Probate Court's findings as contained in the aforementioned Orders. Further, while Plaintiffs allege a scheme whereby Wrigley was to become guardian of Joanne Black pursuant to New York litigation, we note that the New York Court (as demonstrated by the previously referenced New York Order) has determined that Joanne Black does not lack capacity and does not need a guardian. Thus,

claim against Mr. Salzman for aiding and abetting Dain's alleged breach of fiduciary duty to the Plaintiffs.

### III.   PLAINTIFFS' AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR INDUCING JOANNE BLACK TO BREACH FIDUCIARY DUTIES SHE ALLEGEDLY OWED TO PLAINTIFFS

Even more remarkable is Plaintiffs' claim that Mr. Salzman somehow aided and abetted non-party Joanne Black's alleged breach of fiduciary duty to the Plaintiffs. First, such claim fails for all of the reasons set forth above (including there being no basis to claim any actual knowledge of a breach or substantial assistance in same), but, in addition, such claim fails because Joanne Black does not owe any fiduciary duties to the Issue Trust or to the Plaintiffs. In this regard, while Plaintiffs claim in the Complaint that a "co-beneficiary" owes a fiduciary duty to its other co-beneficiaries, such a situation is distinguishable from the claim presented herein. The Issue Trust is not a co-beneficiary of the SNT. Instead, Plaintiffs merely alleges that the Issue Trust is a remainder beneficiary of the SNT. We have found no authority (nor has Plaintiffs cited any) indicating that a lifetime trust beneficiary owes a remainder beneficiary a fiduciary duty. Since Joanne Black does not owe a fiduciary duty to the Issue Trust or to the Plaintiffs, Mr. Salzman could not have provided Joanne Black substantial assistance in breaching any such duty.

### IV.   PLAINTIFFS HAVE FAILED TO ALLEGE ANY COGNIZABLE DAMAGES

As noted above, Plaintiffs have failed to allege any cognizable damages. Oddly, most of the damages sought in the Amended Complaint pertain to alleged monies non-party Bernard Black allegedly paid in connection with legal fees associated with certain related litigation in

---

Wrigley is not Joanne Black's guardian. Furthermore, any allegations concerning efforts to defund the trusts do not state a claim, particularly when considering that Bernard Black has been found by a Colorado Court to have committed "civil theft" with respect to monies that were supposed to be held solely for the benefit of Joanne Black.

Colorado and New York. However, the Plaintiffs cannot seek damages in this case on behalf of their father, who is a non-party.[13] Moreover, Plaintiffs fail to allege any legal basis that would permit the recovery of attorneys' fees in this action against Mr. Salzman. It is well settled under New York law that absent a contract or statute that specifically permits recovery of attorneys' fees, they are not recoverable. *See Citibank N.A. v. Galor Construction Co., Inc.*, 60 A.D.2d 667, 400 N.Y.S. 2d 208 (3d Dep't 1997) ("Attorneys' fees are recoverable only when authorized by statute or contract."). Plaintiffs cite no such statute or contract.

Plaintiffs also claim that they have been damaged because they cannot use the money that was improperly deposited in the Issue Trust to pay their student loan payments (due to freeze orders currently in place). However, if the Colorado decisions are affirmed on appeal, then there would be a final decision confirming that such funds never should have been deposited in the Issue Trust in the first place and thus confirming that the Plaintiffs were never supposed to use such funds to pay their student loan debt. We further note that when removing the claims relative to *non-party* Bernard Black for legal fees he has allegedly incurred (which are clearly not actionable herein since he is not a party), Plaintiffs have failed to allege a monetary claim above the required jurisdictional amount of $75,000, warranting dismissal of the action for failure to allege the monetary threshold required for diversity jurisdiction.

**V.    PLAINTIFFS HAVE FAILED TO NAME NECESSARY PARTIES AND PLAINTIFFS, AS MINORS, CANNOT BRING THE PRESENT ACTION WITHOUT A REPRESENTATIVE OR GUARDIAN AD LITEM APPOINTED**

Under Federal Rule of Civil Procedure Rule 19, "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing

---

[13] We note that even if Bernard Black were a party to this action, he would be unable to assert a claim for attorneys' fees if the Colorado decision is affirmed on appeal, since the Colorado Court found that he breached his fiduciary obligations.

parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest." Here, the Plaintiffs have failed to name any of the trustees of the Issue Trust and have failed to name all of the trustees of the SNT. In addition, the Plaintiffs have failed to name all of the beneficiaries of the Issue Trust, who are also necessary parties to this action. *See Syro Steel Co. v. Mellon Bank (E.) P.S.F.S. Nat'l Ass'n,* 1993 U.S. Dist. LEXIS 6778, 1993 WL 173439 (N.D.N.Y., 1993).

Furthermore, as alleged in the Complaint, upon information and belief, Plaintiffs Daniel L. Black and Jacob L. Black are minors. *See* **Exhibit "A,"** ¶185. Federal Rule of Civil Procedure Rule 17(c) provides that a minor can only sue if suit is filed on the minor's behalf by a representative or by a court-appointed guardian ad litem. *See Bailey v. Tricolla*, 1995 U.S. Dist. LEXIS 21420, 1995 WL 548714 (E.D.N.Y. Sept. 12, 1995).

Here, the Complaint has not been filed on behalf of these Plaintiffs through a representative or a court-appointed guardian ad-litem. As such, Plaintiffs are unable to bring this action and the Complaint should be dismissed. *See Mazzoli v. Am. Bankers Ins. Co*., 2007 U.S. Dist. LEXIS 52825 (W.D.N.Y. Feb. 28, 2007).

## VI.   PLAINTIFFS ARE COLLATERALLY ESTOPPED FROM PURSUING THE CLAIMS ASSERTED IN THEIR COMPLAINT

"Under either federal law or New York State law, collateral estoppel, or issue preclusion, bars the relitigation of an issue that was raised, litigated, and actually decided by a judgment in a prior proceeding, regardless of whether the two suits are based on the same cause of action." *See Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003) (citing *Lawlor v. National Screen*

*Service Corp.*, 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122 (1955); *Capital Telephone Co. v. Pattersonville Telephone Co.*, 56 N.Y.2d 11, 17, 451 N.Y.S.2d 11, 13, 436 N.E.2d 461 (1982); *see also* 18 Moore's Federal Practice § 132.01[2] (3d ed. 2003) ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination-even if erroneous-is conclusive in a subsequent action between the parties, whether on the same or a different claim."). Specifically, a party is collaterally estopped from relitigating an issue if a four-part test is met: "(1), the identical issue was raised in a previous proceeding; (2) the issue was 'actually litigated and decided' in the previous proceeding; (3) the party had a 'full and fair opportunity' to litigate the issue; and (4) the resolution of the issue was 'necessary to support a valid and final judgment on the merits.'" *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir.1997) (quoting *Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 368 (2d Cir.1995)).

"[N]onparties may be collaterally estopped from relitigating issues necessarily decided in a suit brought by a party who acts as a fiduciary representative for the beneficial interest of the nonparties." *Sea-Land Servs. v. Gaudet*, 414 U.S. 573 (U.S. 1974), *superseded on other grounds*, citing to F. James, Civil Procedure § 11.28, p. 592 (1965).     In such cases, "the beneficiaries are bound by the judgment with respect to the interest which was the subject of the fiduciary relationship; they are . . . bound by the rules of collateral estoppel in suits upon different causes of action." *Id.*  A judgment that is binding on a guardian or trustee may also bind the ward or the beneficiaries of a trust.  *See Richards v. Jefferson County*, 517 U.S. 793 (U.S. 1996).

"To determine the effect of a state court judgment, federal courts, including those sitting in diversity, are required to apply the preclusion law of the rendering state." *Conopco, Inc. v.*

25

*Roll Int'l.*, 231 F.3d 82, 86-87 (2d Cir. 2000). The State of Colorado applies the same essential test as the Second Circuit when determining whether to apply collateral estoppel, namely: (1) The issue sought to be precluded must be identical to the issue actually litigated and necessarily decided at the prior proceeding; (2) there must be a final judgment on the merits' the party against whom estoppel is sought must have been a party or in privity with a party to the prior proceeding; and (3) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *See Carpenter v. Young*, 773 P.2d 561, (Colo. 1989). *See also Shelter Mut. Ins. Co. v. Miller*, 2013 COA 25, P1, 300 P.3d 998, 1000, 2013 Colo. (Colo. Ct. App. 2013) ("For purposes of issue preclusion, privity between a party and a nonparty exists when there is a substantial identity of interests and a working or functional relationship in which the interests of the non-party are presented and protected by the party in the litigation. A nonparty is adequately represented for preclusion purposes if the interests of the nonparty and his or her representative are aligned, and the procedure applied by the original court fairly ensured the protection of the interests of the nonparty").

On a motion to dismiss under Rule 12(b)(6), judicial notice may be taken of other judicial documents that might provide the basis for issue preclusion. *See Conopco, Inc. v. Roll Int'l.*, 231 F.3d 82, 86-87 (2d Cir. 2000) (when a defendant raises the affirmative defense of res judicata or collateral estoppel "and it is clear from the face of the complaint . . . that the plaintiff's claims are barred as a matter of law," dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate).

Here, it is clear that Plaintiffs' interests as beneficiaries of the Issue Trust were adequately presented by Bernard Black, Plaintiffs' father and a co-trustee of the Issue Trust, in the prior Colorado proceedings. Over the course of an evidentiary hearing, Bernard Black attempted to use the Colorado Probate Court as a forum to advance the Plaintiffs' interests in

obtaining Joanne Black's money to fund the Issue Trust. In that regard, Bernard Black (and Plaintiffs by extension) was represented by counsel of his own and took full advantage of the opportunity to offer testimony and present evidence. Thus, the findings made in Colorado, including that Mr. Salzman's work was **"absolutely necessary for Joanne Black's defense against the depredations made by Bernard Black,"** should be binding on Plaintiffs and they should be estopped from presenting the same arguments again here that have already been addressed and rejected by the Colorado Probate Court. Therefore, all claims and allegations asserted against Mr. Salzman should be rejected and Plaintiffs' Complaint should be dismissed on collateral estoppel grounds.

### A. At An Absolute Minimum, The Court Should Stay This Action Pending the Outcome of the Colorado Appeals.

Although for the reasons set forth above we respectfully submit there is ample grounds for dismissal of the Complaint at this juncture, at an absolute minimum, we submit that this action should be stayed pending the outcome of the Colorado appeals. As discussed above, the issues raised in the Colorado proceedings are directly at issue in this action. We respectfully submit that to the extent the prior Colorado decisions are upheld on appeal, such affirmance would expressly contradict the claims in the Complaint concerning the Colorado litigation and would thus further support dismissal of Plaintiffs' claims.

## VII. PLAINTIFFS' CLAIMS FAIL UNDER THE PROBATE EXCEPTION AND/OR ROOKER-FELDMAN DOCTRINE

Plaintiffs' claims also fail under the probate exception and/or *Rooker-Feldman* doctrine. "The Rooker-Feldman doctrine provides that federal district courts lack subject-matter jurisdiction to review 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting

district court review and rejection of those judgments.'" *Fernandez v. Turetsky*, 2016 U.S. App. LEXIS 6731 (2nd Cir. 2016) (unpublished decision).[14]   Here, Plaintiffs are attempting to challenge the Colorado Probate Court's Orders by way of the instant litigation, which is impermissible under the *Rooker-Feldman* doctrine.   Plaintiffs' claims also fail under the probate exception.  *See Mercer v. Bank of New York Mellon, N.A.*, 2015 U.S. App. LEXIS 5995 (2nd Cir. 2015) (Unpublished decision)[15] (holding that Plaintiffs' claims were barred by the probate exception because they seek to have the District Court control property that is already under the supervisory control of the Surrogate's Court).   Here, Plaintiffs improperly seek to challenge rulings made in the Colorado Probate Court and similarly seek injunctive relief, including a declaratory judgment that certain Court Orders issued by the Colorado Probate Court relative to the Issue Trust or SNT have no legal effect. See Cmplt., ¶ 1503.  Such claims are barred under the probate exception.

---

[14] A copy of said unpublished decision is annexed to the Katz Decl. as **Exhibit "C"**.
[15] A copy of said unpublished decision is annexed to the Katz Decl. as **Exhibit "D"**.

<u>CONCLUSION</u>

For the foregoing reasons, the Defendant, Ira Salzman, respectfully requests that his motion to dismiss be granted in its entirety and that Plaintiff's Amended Complaint be dismissed in its entirety, with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
      July 25, 2016

                                WINGET, SPADAFORA &
                                SCHWARTZBERG, LLP
                                *Attorneys for the Defendant, Ira Salzman*

                                _____
                                Harris B. Katz (HK – 5692)
                                45 Broadway, 19th Floor
                                New York, New York 10006
                                Tel: (212) 221-6900
                                Fax: (212) 221-6989