UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH H. BLACK and DANIEL L. BLACK, and JACOB L. BLACK,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ANTHONY DAIN, CHERIE WRIGLEY, IRA SALZMAN, MELISSA COHENSON, BRIAN A. RAPHAN, P.C., PAMELA KERR, ESAUN G. PINTO, and CPI INVESTIGATIONS,<br><br>　　　　Defendants. | Case No. 1:16-cv-01238 (CBA) (ST)<br><br>DECLARATION OF SHARAN R. ABRAHAM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS |

SHARAN R. ABRAHAM, pursuant to 28 U.S.C. § 1746, states as follows:

1.　　I am an attorney for Plaintiffs in this action.

2.　　I submit this Declaration in Opposition to Defendants' Anthony Dain, Cherie Wrigley, Ira Salzman, Melissa Cohenson, Brian A. Raphan, P.C., Pamela Kerr, Esaun G. Pinto, and CPI Investigations' Motions to Dismiss the Amended Complaint.

3.　　I request that the Court incorporate by reference into the Amended Complaint the allegations and statements in the paragraphs ¶¶ 379-521 of the Complaint filed on March 11, 2016 [Docket Entry No. 1], which relate to Gayle Young and Lisa DiPonio, and their knowledge with regard to the Disclaimer. These paragraphs were inadvertently omitted from the Amended Complaint.

4.　　Annexed hereto as **Exhibit 1** is a true and correct copy of Bernard Black's initial Petition for Appointment as Conservator for Joanne Black, dated Oct. 16, 2012, as filed with the Denver Probate Court.

5.      Annexed hereto as **Exhibit 2** is a true and correct copy of Bernard Black's edits, using Word marked changes, to the draft initial Proposed Order conveying Special Conservator Powers drafted by counsel, in which Mr. Black added additional detail on the effect of the disclaimer, dated Nov. 12, 2012, as sent by email to his counsel, Carl Glatstein.

6.      Annexed hereto as **Exhibit 3** is a true and correct copy of Bernard Black's initial Proposed Order conveying Special Conservator Powers, including the power to disclaim the Vanguard assets so that they would flow into the Estate of Renata Black, dated Nov. 13, 2012, as filed with the Denver Probate Court.

7.      Annexed hereto as **Exhibit 4** is a true and correct copy of Bernard Black's amended Petition for Appointment as Special Conservator for Joanne Black, Nov. 19, 2012, as filed with the Denver Probate Court.

8.      Annexed hereto as **Exhibit 5** is a true and correct copy of Judge Leith's Order appointing Bernard Black as Conservator for Joanne Black, dated Dec. 11, 2012.  A copy of this order is also Raphan Defendants Motion to Dismiss, Boyar Affirmation, Exhibit 2.

9.      Annexed hereto as **Exhibit 6** is a true and correct copy of an email, dated Dec. 11, 2012, from Bernard Black's counsel, Carl Glatstein, to Sumi Lee, the law clerk for Judge Leith of the Denver Probate Court, with copies to Gayle Young and Lisa DiPonio.

10.     Annexed hereto as **Exhibit 7** is a true and correct copy of an email dated Dec. 12, 2012, from Sumi Lee to Carl Glatstein, replying to Mr. Glatstein's email of Dec. 11, 2012 (see Exh. 6), requesting that Mr. Glatstein submit an amended order.

11.     Annexed hereto as **Exhibit 8** are true and correct copies of bills from Gayle Young, dated Jan. 7, 2013, and Lisa DiPonio, dated Jan. 9, 2013, for their work in connection with Bernard Black's petition for conservatorship.

12. Annexed hereto as **Exhibit 9** are true and correct copies of (i) the amended order for conservatorship requested by Sumi Lee on Dec.12, 2012 (see Exh. 7), dated Jan. 29, 2013, and (ii) an email chain among Ms. Lee, Mr. Glatstein, Ms. Young, and Ms. DiPonio concerning the amended order, dated Jan. 29, 2013.

13. Annexed hereto as **Exhibit 10** are true and correct copies of (i) an email from Bernard Black to his counsel, Carl Glatstein, dated Jan. 31, 2013, conveying shorter disclaimer language requested by Vanguard's legal counsel; and (ii) the amended order for conservatorship dated Jan. 29, 2013, marked to show the changes requested by Vanguard.

14. Annexed hereto as **Exhibit 11** is a true and correct copy of the amended conservatorship order issued by Judge Leith on March 5, 2013, containing the shortened disclaimer language requested by Vanguard (see Exh. 10), marked to show the changes requested by Vanguard.

15. Annexed hereto as **Exhibit 12** is a true and correct copy of a Motion to Void the Conservator's Disclaimers, to Deposit the Vanguard and Fidelity Assets in Trust with the Court, and request for a Status Conference, filed by Lisa Diponio, with the Denver Probate Court on Feb. 9, 2015.

16. Annexed hereto as **Exhibit 13** is a true and correct copy of a Motion Requesting the Court to Consider Civil Theft Damages Pursuant to C.R.S. §§18-4-401 and 405, , filed by Lisa Diponio, with the Denver Probate Court on June 15, 2015.

17. Annexed hereto as **Exhibit 14** is a true and correct copy of an excepted portion of the transcript from a hearing on June 17, 2015 (the second day of a hearing in the Denver Probate Court on the DiPonio motions, see Exhs. 12 & 13).

18. Annexed hereto as **Exhibit 15** is a true and correct copy of the most recent bill from Kerr in the possession of Plaintiffs, showing a balance due of $26,698.50 as of December 31, 2015. The difference of $4,880 between the amount paid by Dain from the SNT of $31,578.50 (see Exh. 20) and the December 31, 2015 balance of $26,698.50 relates to services during 2016, which can only involve Kerr's work related to the guardianship proceedings in New York, since the Colorado proceedings terminated in 2015. The underlying invoice is not available to Plaintiffs and will have to be obtained through discovery.

19. Annexed hereto as **Exhibit 16** are true and correct copies of letters from Ira Salzman, counsel for Joanne Black, to Justice Thomas Aliotta of the New York Supreme Court for Richmond County, dated January 25 and January 29, 2016, confirming Pamela Kerr's appearance as an expert witness in the New York guardianship hearings concerning Ms. Black.

20. Annexed hereto as **Exhibit 17** is a true and correct copy of Judge Leith's order of Jan. 29, 2016, ordering transfer of all assets in the 2013 Trust to the Special Conservator for Joanne Black.

21. Annexed hereto as **Exhibit 18** is a true and correct copy of Justice Aliotta's temporary restraining order of Jan. 29, 2016, against Anthony Dain, Cherie Wrigley, Pamela Kerr, Ira Salzman, and Melissa Cohenson.

22. Annexed hereto as **Exhibit 19** are true and correct copies of excepts of transcripts of a hearing held before Justice Thomas Aliotta of the New York Supreme Court for Richmond County on March 21-22, 2016, involving guardianship over Joanne Black.

23. Annexed hereto as **Exhibit 20** are true and correct copies of checking account statements for the SNT for the months of March, April, May, and June, 2016, showing payments to Cherie Wrigley, Pamela Kerr (Kerr Forensic Accounting PC), Ira Salzman, and Gayle Young.

24. Annexed hereto as **Exhibit 21** is a true and correct copy of a letter from Chase Bank to Anthony Dain and Sharan Abraham, dated April 1, 2016.

25. Annexed hereto as **Exhibit 22** is a true and correct copy of a letter from Anthony Dain to Chase Bank, dated May 19, 2016, requesting that Chase Bank release additional funds from the SNT for the purpose, among others, of paying $18,090 to Kerr Forensic Accounting and additional funds to Cherie Wrigley and Ira Salzman. The letter refers to attached invoices; the invoices are not available to Plaintiffs and will have to be obtained through discovery.

26. Annexed hereto as **Exhibit 23** is a true and correct copy of an amended order issued by Justice Thomas Aliotta of the New York Supreme Court for Richmond County on June 7, 2016, following a hearing on guardianship over Joanne Black (see Exh. 19).

27. Annexed hereto as **Exhibit 24** are true and correct copies of two citations issued by the Surrogate's Court for Westchester County, New York on August 10, 2016, and the accompanying petitions, without the exhibits to these petitions. Both petitions discuss the details of Bernard Black's accounting for the Estate of Renata Black. On information and belief, these discussions are based on work by Pamela Kerr, including the work reflected in her bill for $18,090 (see Exh. 22).

I declare under penalty of perjury that the foregoing is true and accurate.
Executed on August 29, 2016

                                                    /s/Sharan R. Abraham
                                                    Sharan R. Abraham