# Exhibit 9

| Denver Probate Court<br>City and County of Denver, State of Colorado<br>1437 Bannock Street, Room 230<br>Denver, CO  80202 | ▲  COURT USE ONLY  ▲ |
|---|---|
| In the Interest of:<br><br>**JOANNE BLACK,**<br><br>Protected Person | Case Number:<br><br>**12 PR 1772** |
| ***AMENDED* ORDER APPOINTING CONSERVATOR FOR ADULT** ||

Upon consideration of the Petition for Appointment of Conservator for the above person and hearing on **December 11, 2012**,

**The Court finds that:**

1. Venue is proper and required notices have been given or waived
2. An interested person seeks the appointment of a Conservator.
3. The Protected Person's best interest will be served by appointment of a Conservator.

**The Court finds by clear and convincing evidence that a basis exists for a conservatorship because:**

☑ The Protected Person is unable to manage property and business affairs because of an inability to effectively receive or evaluate information or both or to make or communicate decisions, even with the use of appropriate and reasonably available technological assistance.

   or

☐ The Protected Person is missing, detained, or unable to return to the United States;

**The Court further finds by a preponderance of evidence that:**

☑ The Protected Person has property that will be wasted or dissipated unless proper management is provided.

   and/or

☐ The Protected Person, or persons entitled to the Protected Person's support, require money for support, care, education, health, and welfare; and protection is necessary or desirable to obtain or provide money.

The Court has considered any expressed wishes of the Protected Person concerning the selection of the Conservator.  The Court has considered the powers and duties of the Conservator, the scope of the Conservatorship, and the priority and qualifications of the Nominee.

**The Court appoints the following person as Conservator of the Protected Person:**

>  **Bernard S. Black**
>  **2829 Sheridan Place**
>  **Evanston, IL  60201-1725**
>  **Home: 847-869-6735**
>  **Cell:    650-773-0955**
>  **Email: bblack@northwestern.edu**

**The Court directs the issuance of Letters of Conservatorship as follows:**

☑ The powers and duties of the Conservator are unrestricted.  The Conservator may exercise all the powers granted in §15-14-425, C.R.S.

☐ The powers and duties of the Conservator are limited by the following restrictions:

☐ The Conservator shall not, without prior Court order, convey or encumber any real estate owned by the Protected Person.

To insure notice of this prohibition, the Conservator shall record the Letters evidencing appointment with the Clerk & Recorder of the County in which such real estate is located.  The Conservator shall provide proof of the recording to the Court.

**The Court orders the following:**

1. The Conservator shall notify the Court within 30 days if his/her home address, email address, or phone number changes and/or of any change of address for the Protected Person.

2. Within 30 days of appointment, the Conservator shall provide a copy of this Order Appointing Conservator for Adult to the Protected Person and persons given notice of the Petition  and shall advise those persons using Notice of Appointment of Guardian and/or Conservator (JDF 812) that they have the right to request termination or modification of the Conservatorship.

3. The Conservator shall file for approval with the Court a Conservator's Inventory with Financial Plan (JDF 882) on or before  **March 11, 2013**.  The value of the assets must be reported as of the date of this Order.

4. The Conservator shall file a Conservator's Report (JDF 885) with the Court each year on or before **March 11.**  The time period covered in the report shall begin on **February 1** and end on **January 31**. The Conservator is required to maintain all supporting documentation, including receipts and disbursements.

5. ☐ All financial powers of attorney, whether executed prior to or following the entry of this Order, are terminated, except as follows:

6. The Conservator shall
☑serve without bond for the following reason(s): **Respondent's assets will be placed into a Supplemental Needs Trust for Respondent's benefit.** *(See below.)*
☐serve with bond in the amount of $ _____. The bond must be posted with the Court by _____ (date). If bond is posted by a surety, notice of any proceeding must be provided to the surety.

7. Copies of all future Court filings must be provided to the following:

| Name of Interested Person | Relationship to Protected Person |
|---|---|
| Joanne Black | Protected Person |
| Lisa DiPonio, Esq. | Protected Person's Counsel |
| Gayle Young, Esq. | Protected Person's Guardian ad Litem |
| Cherie Wrigley | Protected Person's Cousin |
| Anthony Dain, Esq. | Trustee, Protected Person's Cousin |
| Bernard Black | Protected Person's Brother and Conservator |

8. The Court further orders: **GAL and Counsel for Respondent are to remain in the case until further order of the Court.**

9. **In addition, the Conservator is specifically authorized:**

**a. To disclaim Respondent's interest as beneficiary under all payable on death or transferable on death accounts with Vanguard and Fidelity owned by Respondent's mother, Renata Black (DOD 5/1/2012), allowing Respondent's share to pass under Article Fourth of the Last Will and Testament of Renata Black, dated 12/19/1997, under which two thirds of the estate of Renata Black will be contributed to a Supplemental Needs Trust for the Benefit of Joanne Black ("Joanne Black Trust I"). The estate of Renata Black is under the supervision of the Surrogate's Court, Westchester County, State of New York, File #2012-1209.**

**b. To secure such workers compensation benefits to which Respondent is entitled but is refusing to claim, and place these benefits in trust for Respondent (Joanne Black Trust II);**

**c. To serve as Representative Payee on behalf of Respondent to ensure that Respondent continues to receive Social Security Disability Insurance and accompanying Medicare benefits, which Respondent has indicated her intent to disclaim;**

**d. To apply for such other public or private benefits to which Respondent may be entitled;**

Date: _____           _____
   *nunc pro tunc* December 11, 2012                              Probate Judge

## Bernard Black

| | |
|---|---|
| **From:** | Carl Glatstein <Carl@denverprobatelaw.com> |
| **Sent:** | Tuesday, March 31, 2015 4:18 PM |
| **To:** | Bernard Black |
| **Subject:** | FW: Joanne Black  - Form of Order  -  Case No 2012 PR 1772 |


-----Original Message-----
From: Young/Zen [mailto:d.zen@q.com]
Sent: Tuesday, January 29, 2013 10:43 PM
To: Carl Glatstein
Subject: Re: Joanne Black - Form of Order - Case No 2012 PR 1772

You are welcome, Carl.

On Jan 29, 2013, at 9:47 PM, Carl Glatstein wrote:

> Thank you, Gayle.
>
>
> M. Carl Glatstein
> Glatstein & O'Brien LLP
> 2696 S. Colorado Blvd., Suite 350
> Denver, CO  80222
> Tel.:   303-757-4342  / Fax:   303-757-4570
> www.DenverProbateLaw.com
> carl@DenverProbateLaw.com
>
>
>
> -----Original Message-----
> From: Young/Zen [mailto:d.zen@q.com]
> Sent: Tuesday, January 29, 2013 4:27 PM
> To: diponiolawfirm@comcast.net
> Cc: Carl Glatstein; sumi lee
> Subject: Re: Joanne Black - Form of Order - Case No 2012 PR 1772
>
> The proposed Amended Letters and and Amended Order are fine with me.
>
> Gayle
> On Jan 29, 2013, at 3:26 PM, diponiolawfirm@comcast.net wrote:
>
>> Sumi and Carl,
>>
>> I have no objection with this just being issued.
>>
>> Thanks,

1

\>> Lisa
\>> -
\>> Lisa DiPonio, Esq.
\>> Frank DiPonio, PE, Esq.
\>> DiPonio & DiPonio, LLC
\>> Attorneys & Counselors at Law
\>> (303) 955-2080
\>>
\>> Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read or play this transmission and that any disclosure, copying, printing or any other use or distribution of the information contained herein, including attachments, is strictly prohibited.
\>>
\>> From: "Carl Glatstein" <Carl@denverprobatelaw.com>
\>> To: "sumi lee" <sumi.lee@judicial.state.co.us>
\>> Cc: diponiolawfirm@comcast.net, "d zen" <d.zen@q.com>
\>> Sent: Tuesday, January 29, 2013 3:07:34 PM
\>> Subject: RE: Joanne Black  - Form of Order  -  Case No 2012 PR 1772
\>>
\>> RE:  In the Interest of Joanne Black
\>> Case No. 2012 PR 1772
\>>
\>> Hi Sumi -
\>>
\>> I know this was almost six weeks ago that I emailed regarding tweaking the form of the Order Appointing Conservator.  You advised then that Judge Leith would like an Amended Order.
\>>
\>> Initially Mr. Black, the Conservator, thought what we had would work.  Today he was advised by the "legal" for Fidelity or Vanguard that they do in fact want specific language.  I have just managed to triumph over ICCES and got the Amended Orders and Amended Letters efiled.  I am hoping these can issue without having to go through the non-appearance process.
\>>
\>> Thank you for taking a look at this.
\>>
\>>
\>> M. Carl Glatstein
\>> Glatstein & O'Brien LLP
\>> 2696 S. Colorado Blvd., Suite 350
\>> Denver, CO  80222
\>> Tel.:   303-757-4342  / Fax:   303-757-4570
\>> www.DenverProbateLaw.com
\>> carl@DenverProbateLaw.com
\>>
\>>
\>>
\>>
\>>
\>> From: lee, sumi [mailto:sumi.lee@judicial.state.co.us]
\>> Sent: Wednesday, December 12, 2012 10:13 AM
\>> To: Carl Glatstein

2

>> Cc: diponiolawfirm@comcast.net; d.zen@q.com
>> Subject: RE: Joanne Black - Form of Order
>>
>> The Judge would like an Amended Order. Let me know when you have filed it. Thanks.
>>
>> Best,
>> Sumi
>>
>> Sumi Lee, Esq.
>> Law Clerk, Honorable Elizabeth D. Leith Denver Probate Court
>> 1437 Bannock Street, Room 230
>> Denver, Colorado 80202
>> (720) 865-8347 phone
>> (720) 865-8329 fax
>> sumi.lee@judicial.state.co.us
>> www.denverprobatecourt.org
>>
>>
>>
>> From: Carl Glatstein [mailto:Carl@denverprobatelaw.com]
>> Sent: Tuesday, December 11, 2012 3:59 PM
>> To: lee, sumi
>> Cc: diponiolawfirm@comcast.net; d.zen@q.com
>> Subject: Joanne Black - Form of Order
>>
>> Hi Sumi -
>>
>> Now that I am back in the office and checking the statute, I think we will still need express authority by the Court to disclaim Respondent's interest in POD accounts so they flow back into the Estate, as originally requested in the Proposed Order Appointing Special Conservator.  I have attached that Order and highlighted the relevant paragraph #1 on page 2.  I think paragraphs 2 - 4 are implicit for the unlimited conservator, but it would be helpful to have that authority stated explicitly.
>>
>> From my conversations with counsel and the GAL prior to the hearing, and the discussion with the Judge Leith during the hearing, I don't believe there are any objections to the relief we requested.  I just anticipate that the Fidelity and VanGuard investments will give us pushback if we do not present specific authority.
>>
>> May I provide a supplemental Order, or should we submit an Amended Order Appointing Conservator?
>>
>> M. Carl Glatstein
>> Glatstein & O'Brien LLP
>> 2696 S. Colorado Blvd., Suite 350
>> Denver, CO  80222
>> Tel.:   303-757-4342  / Fax:   303-757-4570
>> www.DenverProbateLaw.com
>> carl@DenverProbateLaw.com
>>
>> NOTICE: This e-mail message is the property of Glatstein & O'Brien LLP.  This e-mail message and any attachments may contain confidential information that is protected by law under attorney-client privilege, attorney-work-product doctrine, and/or other applicable privileges.  If you are not the intended recipient of this

3

message, please forward a copy to carl@DenverProbateLaw.com and delete the message and its attachments from your computer.
>>
>> IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and may not be used, for  the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party who is not the original addressee of this communication any transaction or matter addressed herein.
>