# Exhibit 18

At an IAS Part 12G of the Supreme Court of the State of New York, held in and for the County of Richmond, at the Courthouse located at 26 Central Avenue, Staten Island, New York, on the 29 day of January, 2016

PRESENT:

HON. THOMAS P. ALIOTTA
Justice

JAN 27 REC'D

In the Matter of the Application of
CHERIE WRIGLEY,
    Cross-Petitioner,
For the appointment of a Guardian for the Person and Property of

JOANNE BLACK,
    A Person Alleged to be Incapacitated.

**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER**

Index No. 80253/14

    Upon the reading and filing of the Affidavit of KATHERINE LITVAK, acting pro se, duly verified on the 25th day of January 2016, and the exhibits annexed thereto, from which it appears that the integrity of these proceedings and the welfare of witnesses KATHERINE LITVAK, BERNARD BLACK, REBEKAH BLACK, and other potential witnesses in these proceedings is imminently threatened by CHERIE WRIGLEY, PAMELA KERR, and MELISSA COHENSON, and that WRIGLEY, KERR, COHENSON, and their associates should therefore be restrained from further witness tampering and intimidation, by way of a Temporary Restraining Order pending the return date of this Order seeking injunctive relief, and for other relief sought:

    AND a Petition having been presented on October 9, 2014, by BERNARD BLACK to the Supreme Court of the State of New York, County of Richmond, alleging that JOANNE BLACK was an incapacitated person as defined in Article 81 of the Mental Hygiene Law (MHL) and in need of a Guardian;

    AND this Court having issued an Order on October 16, 2014, directing that the Alleged Incapacitated Person, JOANNE BLACK, show cause why a guardian should not be appointed; and that Notice of the Petition be given to the Alleged Incapacitated Person; and interested

parties, namely MENTAL HYGIENE LEGAL SERVICE; HUMAN RESOURCES ADMINISTRATION; ADMINISTRATOR, SOUTH BEACH PSYCHIATRIC CENTER; ANTHONY DAIN; SAMUEL BLACK, and BARTOLOMEW RUSSO, ESQ, the court evaluator herein;

AND a Cross-Petition having been filed on October 31, 2014, by CHERIE WRIGLEY, requesting her appointment as Guardian of the Person and Property of JOANNE BLACK;

AND this Court having held an attorney-only phone conference on or about September 25, 2015, ~~ANTHONY DAIN appeared, despite not being counsel of record, without notice, despite objections from BERNARD BLACK's counsel ANTHONY LAMBERTI, ESQ., and unknown to BERNARD BLACK and other members of the Black family, who are interested persons in this matter;~~

~~AND ANTHONY DAIN having been present at the attorney-only conference, where no other parties or interested Persons were allowed;~~

~~AND during the September 25, 2015 attorney-only telephone conference, where ANTHONY DAIN was the only person not an attorney of record allowed to participate, ANTHONY DAIN having sought multi thousand dollar financial sanctions against BERNARD BLACK if BERNARD BLACK were to appear and testify against CHERIE WRIGLEY at the October 1, 2015 hearing;~~

~~AND BERNARD BLACK having been notified on or about September 25, 2015, by his counsel ANTHONY LAMBERTI, that this Court was favorably inclined to impose multi thousand dollar financial sanctions on BERNARD BLACK if he were to appear and testify at the October 1, 2015 hearing;~~

AND on September 29, 2015, BERNARD BLACK having withdrawn his petition, with this Court's consent;

AND at a hearing held before this Court on October 1, 2015, where the Cross-Petitioner CHERIE WRIGLEY having been represented by MELISSA I. COHENSON, ESQ., of the law firm BRIAN A. RAPHAN, P.C.; JOANNE BLACK having been represented by IRA SALZMAN, ESQ., of the law firm GOLDFARB ABRANDT SALZMAN & KUTZIN LLP; and ANTHONY J. DAIN, ESQ., having appeared pro se, in support of the Cross-Petitioner, and BART RUSSO, ESQ., the court evaluator herein, also having been present;

AND BERNARD BLACK, SAMUEL BLACK, BERNARD BLACK's attorney ANTHONY LAMBERTI, ESQ., all other members of BERNARD BLACK's family (except the Alleged Incapacitated Person JOANNE BLACK) having not attended the October 1, 2015, hearing;

AND on an unknown date in October, 2015, MELISSA I. COHENSON, ESQ. having filed a proposed ORDER AND JUDGMENT APPOINTING GUARDIAN WITH COMMISSION, with

2

corresponding Notice of Settlement, without notice to BERNARD BLACK, SAMUEL BLACK, and other members of the Black family;

AND BERNARD BLACK having had no opportunity to object to the proposed ORDER filed by MELISSA I. COHENSON, because the proposed ORDER was ~~sealed~~ not served on or delivered to BERNARD BLACK, SAMUEL BLACK, any other member of the Black family, or their counsel;

AND BERNARD BLACK having been legally entitled to receive CHERIE WRIGLEY's proposed ORDER, as JOANNE BLACK's next of kin;

AND BERNARD BLACK and SAMUEL BLACK having been legally entitled to receive CHERIE WRIGLEY's proposed ORDER, as Interested Persons;

~~AND BERNARD BLACK and SAMUEL BLACK having been legally entitled to receive CHERIE WRIGLEY's proposed ORDER, as trustees of the Black family trusts, from which CHERIE WRIGLEY is seeking the transfer of property;~~

~~AND BERNARD BLACK having been legally entitled to receive CHERIE WRIGLEY's proposed ORDER, as a party whose conduct is directly subjected to CHERIE WRIGLEY's proposed ORDER through, for example, the order to pay fees of the court evaluator DAN ROSSO;~~

~~AND BERNARD BLACK having repeatedly requested the ORDER and other documents from CHERIE WRIGLEY;~~

~~AND CHERIE WRIGLEY having repeatedly refused to provide such ORDER and documents, despite BERNARD BLACK's numerous legal entitlements to see them;~~

AND on November 12, 2015, BERNARD BLACK having filed an objection to the lack of proper notice, through his attorney ANTHONY LAMBERTI, ESQ.;

AND BERNARD BLACK, having retained a new counsel, PIPER HOFFMAN, ESQ., in New York, who filed a NOTICE OF APPEARANCE on December 22, 2015;

AND, on December 23, 2015, this Court having Ordered MELISSA I. COHENSON, ESQ., as counsel for CHERIE WRIGLEY, to serve BERNARD BLACK with the proposed ORDER and JUDGMENT appointing CHERIE WRIGLEY as Guardian for the property and person of JOANNE BLACK, corresponding NOTICE OF SETTLEMENT, and the decisional portion of the transcript of minutes;

AND MELISSA I. COHENSON, ESQ. as counsel for CHERIE WRIGLEY, having served upon BERNARD BLACK a resettled copy of the Order and Judgment with Notice of Settlement, which MELISSA I. COHENSON, ESQ. served upon PIPER HOFFMAN, ESQ. on January 5, 2016, via FedEx Overnight and regular mail;

3

AND, on January 6, 2016, PIPER HOFFMAN, ESQ., on behalf of BERNARD BLACK, having submitted ~~a letter~~ an attorney affirmation to this Court seeking an extension of time to petition for a new hearing, on the grounds of severe deficiencies in notice and other procedure;

AND, on January 7, 2016, KATHERINE LITVAK, the sister-in-law of the Alleged Incapacitated Person JOANNE BLACK, having submitted a letter to this Court, ~~[redacted]~~ requesting a new hearing on the question of appointing a guardian for JOANNE BLACK;

* * *

NOW UPON THE MOTION OF KATHERINE LITVAK, acting pro se, and for the relief sought herein:

LET CHERIE WRIGLEY, PAMELA KERR, MELISSA COHENSON, ANTHONY DAIN, BRIAN RAPHAN, IRA SALZMAN, ESAUN PINTO, ~~GAYLE YOUNG, and LISA DI PINTO~~ SHOW CAUSE at I.A.S. Guardianship Part 12G, of the Supreme Court of the State of New York, held in the County of Richmond, at the Courthouse located at 26 Central Avenue, Staten Island, on the 8 day of FEBRUARY, 2016, at 10 a.m./~~p.m.~~ of that day or as soon thereafter as counsel can be heard

WHY AN ORDER should not be made in the captioned proceeding:



1. Enjoining and restraining CHERIE WRIGLEY, PAMELA KERR, MELISSA COHENSON, ANTHONY DAIN, ESAUN PINTO, BRIAN RAPHAN, IRA SALZMAN, ~~[redacted]~~, and their agents and assignees (collectively "THE WRIGLEY GROUP") from:

    a. Contacting the home, school, business, or place of employment of KATHERINE LITVAK, BERNARD BLACK, the children of BERNARD BLACK, and other family members of KATHERINE LITVAK and BERNARD BLACK, except JOANNE BLACK (collectively "THE BLACK FAMILY");

    b. Harassing, intimidating, threatening or otherwise interfering with THE BLACK FAMILY, or with other witnesses as shall be specifically named by this Court;

    c. Communicating with THE BLACK FAMILY'S employers, schools, colleagues, supervisors, teachers, professional associations, or any individual or organization that exercises any control over, or has significant impact on, their employment, education, or civic activities;

4

    d. Disclosing any personal information about THE BLACK FAMILY or other witnesses as shall be specifically named by this Court, to third parties, unless specifically authorized by this Court or another court;

    e. Awarding prospective witnesses KATHERINE LITVAK, BERNARD BLACK, and other members of THE BLACK FAMILY, such other, further, or different relief as may be just and proper, and it is further

ORDERED ~~AND ADJUDGED~~ *pending hearing and determination before this Court*, that THE WRIGLEY GROUP must stay away from the home, school, business, or place of employment of each member of THE BLACK FAMILY; and it is further

ORDERED ~~AND ADJUDGED~~ *pending hearing and determination before this Court*, that THE WRIGLEY GROUP must not harass, intimidate, threaten, or otherwise interfere with THE BLACK FAMILY or other witnesses as shall be specifically named by this Court; and it is further

ORDERED ~~AND ADJUDGED~~ *pending hearing and determination before this Court*, that THE WRIGLEY GROUP must not communicate with THE BLACK FAMILY's employers, schools, supervisors, colleagues, teachers, professional associations, or any individual or organization that exercises any control over, or has significant impact on, the employment, education, or civic activities of any member of THE BLACK FAMILY; ~~and it is further~~

~~ORDERED AND ADJUDGED, that if any member of THE WRIGLEY GROUP refuses to comply with the terms of the aforementioned paragraphs of this Order, KATHERINE LITVAK, BERNARD BLACK, and other members of THE BLACK FAMILY, directly or through counsel, be authorized to move this Court for an order holding that member of THE WRIGLEY GROUP in contempt of court.~~

* * *

And it appearing that SUFFICIENT CAUSE thereof exists:

    LET service of a copy of this Order, and the papers upon which it is based, by fax or email and regular mail upon CHERIE WRIGLEY, by delivery of same to the offices of her attorney, MELISSA COHENSON, at Brian A. Raphan, P.C., 7 Penn Plaza, 8th Floor, New York, New York, 10001; BRIAN RAPHAN and MELISSA COHENSON, by delivery of same to their offices, ~~Brian A. Raphan, P.C., 7 Penn Plaza, 8th Floor, New York, New York, 10001;~~ PAMELA KERR, by delivery of same to her office, Kerr Forensic Accounting PC, 650 S. Cherry Street Suite 235, Denver, Colorado 80246; ANTHONY DAIN, by delivery of same to his office, 525 B Street, Suite

2200, San Diego, California 92101; IRA SALZMAN, by delivery of same to his office, Goldfarb Abrandt Salzman & Kutzin, LLP, 350 Fifth Avenue, Suite 4310, New York, New York 10018; ESAUN G. PINTO, by delivery of same to his office, CPI Investigations, 50 West 17th Street, Suite 800 South, New York, New York 10011; ~~GAYLE YOUNG, by delivery of same to her office, Young & Zen, LLC, 7262 S Acoma St, Littleton, CO 80120, and LISA DIPONIO, by delivery of same to her office, DiPonio & DiPonio, LLC, 7951 South Broadway, #318, Littleton, CO 80122.~~

On or before the __1__ day of __February__, 2016 be deemed good and sufficient service.

ENTER:

_____
Hon. Thomas P. Aliotta, J.S.C.

6