| | |
|---|---|
| Denver Probate Court, Colorado<br>Court Address:<br>1437 Bannock Street, Denver, Colorado  80202<br>**In re the Interest of:**<br><br>**JOANNE BLACK,**<br>                              **Protected Person.** | DATE FILED: January 4, 2018 4:49 PM<br>CASE NUMBER: 2012PR1772<br><br>▲  COURT USE ONLY  ▲ |
| | Case Number:<br>12 PR 1772<br><br>Courtroom 224 |
| **HEARING ORDER** | |

THIS MATTER came before the Court for hearing January 4, 2018 to address issues relating to the Court Order issued November 3, 2017 granting an injunction and enjoining Bernard Black from transferring funds from the Supplemental Needs Trust ("SNT") except to return funds previously removed, the status of actions occurring in the states of Illinois and New York, and the Forthwith Motion for an Order Authorizing Withdrawal of Funds filed by Counsel for Joanne Black on December 5, 2017.

Present at hearing today were Lisa DiPonio, Counsel for Joanne Black; Gayle Young, GAL for Joanne Black; Successor Conservator Jeanette Goodwin; Appellate Counsel Matthew Skotak; Pamela Kerr, accountant; Shannon Wells and Paul Swanson, Counsel for Bernard Black, who does not appear; Anthony Dain, cousin and co-trustee for the SNT appearing by telephone.

The Court heard statements from Mr. Dain and argument from Ms. DiPonio and Ms. Wells. The Court has reviewed the record in this matter and relevant authority. The Court has reviewed trustee standards as contained within *Bogert on Trusts* and *Goss v. McCart,* 847 P.2d 184 (Colo.App. 1992) as it relates to a trustee's abuse of discretion and self-interest.

The Court finds the actions of Bernard Black are shocking to the conscience of the Court, especially given Mr. Black's position as a professor of law at a respected law school in this country. Similarly, the Court finds the actions of Mr. Black's wife, also a law professor, are shocking as together their actions only serve to dramatically increase attorney fees and costs and otherwise reduce or eliminate the funds that are due to Joanne Black apparently for no reason.

As a co-trustee, both Bernard and Samuel Black are bound to administer the trust and funds at issue in this matter solely in the interest of the beneficiary Joanne Black; to observe a duty of loyalty only to her; to refrain from engaging in transactions that involve self-dealing or that otherwise involve or create a conflict between the trustee's fiduciary duties and his personal interests. (*Third Restatement of Trust*, Chapter 15). *See, for example*, *In re Estate of Klarner,* 98

1

P.3d 892 (Colo.App. 2003), *Vento v. Colorado National Bank-Pueblo*, 907 P.2d 642 (Colo. App. 1995).

The Court finds that Bernard Black agreed to the entry of two judgments in the State of Illinois encumbering assets of the SNT in favor of his wife, Kate Litvak and Ms. Litvak's cousin Olga Dal. Neither Bernard nor Samuel Black gave any notice to co-trustee Anthony Dain of Bernard Black's intention to encumber trust funds. The Court finds these actions directly implicate Bernard Black and Samuel Black's duty of undivided loyalty as trustees to the beneficiary. These actions appear to create a conflict of interest as well as constitute a breach of their fiduciary duties. This Court is advised that proceedings are under way in Illinois to set aside these judgments and the related liens and garnishments initiated by Ms. Litvak and Ms. Dal. Joanne Black's only source of funds to pay her attorneys to initiate proceedings to set aside the judgments, liens and garnishments is the SNT which Bernard and Samuel Black have effectively frozen by the litigation they continue to initiate.

The Court finds it is unable to adequately express how shocking these actions taken by Joanne Black's brother and his family are to the conscience of the Court. The Court finds Bernard Black's apparent agreement to the entry of significant money judgments in favor of his wife and her family against the SNT is, if true, a flagrant breach of his fiduciary duties and his duty of loyalty to the beneficiary. Bernard Black has disregarded the Orders of this Court in both fact and in spirit.

Through Counsel, Bernard Black agrees to the injunctions entered by this Court in the Order entered November 3, 2017.

IT IS THEREFORE ORDERED:

1. Bernard Black and Samuel Black are hereby SUSPENDED as co-trustees of the SNT and any other trusts which benefit Joanne Black, pending the removal proceedings referenced in the State of Illinois.

2. Neither Bernard Black nor Samuel Black shall have any authority or take any actions with respect to trust funds or funds that are ultimately meant for or to benefit Joanne Black. Similarly, neither Bernard Black nor Samuel Black shall make any decisions regarding the use or placement of trust funds or property. Both Bernard Black and Samuel Black are ordered to identify any and all trust documents, funds, or accounts to which they have access and which are meant to benefit Joanne Black, and to provide that information directly to Anthony Dain and to Joanne Black's attorney Lisa DiPonio.

3. The only trustee with authority from this Court to serve and take action as trustee is Anthony Dain. Mr. Dain is authorized by this Court to make

payment from the SNT or any other trust set up to benefit Joanne Black on which he is named as trustee to pay for her attorney fees and costs as previously ordered by this Court and for any new fees and costs necessitated by the reprehensible actions of Bernard Black and his family, and for other items which are properly paid pursuant to the trust agreement.

4. Bernard Black shall disclose with particularity to this Court and to counsel the source and amount of all funds he has used to pay his attorney fees and costs or those for Samuel Black or for any other persons for all actions he has initiated or is involved in Colorado, Illinois, New York and any other state which may be as yet unidentified relating to litigation involving Joanne Black.

5. Bernard Black is ordered to personally appear before this Court for any further proceedings which may be scheduled.

DONE IN OPEN COURT this __4th____ day of __January__, 2018.

                                      BY THE COURT:

                                      _____
                                      Elizabeth D. Leith
                                      Judge
                                      DENVER PROBATE COURT