**Winget | Spadafora | Schwartzberg | LLP**

1993-2018
25 years

NEW YORK:
45 Broadway
32nd Floor
New York, NY 10006
T 212.221.6900
F 212.221.6989
Katz.H@wsllp.com

June 28, 2019

**VIA ELECTRONIC FILING**
Hon. Steven L. Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

      Re:    Matter:    Samuel H. Black, et al. v. Anthony Dain, et al.
             Docket No.:  16-cv-01238-CBA-ST

Dear Judge Tiscione:

      Our office represents the Defendant, Ira Salzman ("Defendant"), in the above-referenced action. We write in advance of the upcoming July 3, 2019 court conference in this matter to address certain outstanding discovery issues.

      At the outset, we note that <u>all</u> seven (7) of the remaining defendants in this action have been deposed. However, despite the defendants' ongoing attempts to schedule the depositions of the plaintiffs and certain non-party witnesses under Plaintiffs' control that we previously subpoenaed, the Plaintiffs have only produced one (1) witness – Sarah Black, who testified that despite being a named plaintiff in this action, she had only "skimmed" the Amended Complaint a few weeks prior to her deposition on April 15, 2019, and had never reviewed any of the prior pleadings in the case. *See* excerpts of Sarah Black's deposition transcript pgs. 24, line 3 – pg. 25, line 17 annexed hereto as <u>Exhibit "A."</u> Sarah Black further testified that she could not recall when she first became aware that she was a plaintiff in this action and could not rule out that this action was filed before she became aware that she was a plaintiff. *Id.*, pg. 27, lines 7-17. Further, despite being a named plaintiff, Sarah Black testified that she had never done *any* search for records or emails responsive to the defendants' discovery demands prior to her deposition and had not even been notified that the defendants had requested the production of documents in this case. *Id.*, pg. 29, lines 6-17. Sarah Black further testified that she had no knowledge or information relating to the allegations asserted in the Amended Complaint against Ira Salzman (*Id.*, pg. 26, lines 7 – 25) and that, to her knowledge, she was not claiming any damages in this case (*Id.*, pg. 44, lines 9-11). To date, plaintiffs have not produced any other witnesses for deposition.

      The defendants have been attempting to schedule the depositions of Plaintiffs' witnesses, Katherine Black, Bernard Black, Samuel Black and Benjamin Black for quite some time. In fact, we raised our inability to schedule these depositions with plaintiffs' counsel in our prior February 12, 2019 letter motion to compel against the plaintiffs (ECF Doc. 191). During the

Hon. Steven L. Tiscione
June 28, 2019
Page 2 of 3

court conference in front of Your Honor on March 19, 2019, at which time Your Honor addressed the pending motions, plaintiffs' counsel agreed to produce Bernard Black for his deposition in New York at the same time that Bernard Black would be deposed in the other Eastern District case in which he is a named plaintiff, and agreed to produce Katherine Black, who is a named plaintiff in this action, for her deposition in New York. Most recently, plaintiffs' counsel wrote to the defendants on June 4, 2019, stating, in relevant part: "**Bernard Black and Katherine Black are available for their examinations between July 8th and July 10th.**" (emphasis added). A copy of plaintiffs' counsel's June 4, 2019 email is annexed hereto as Exhibit "B." Our office wrote back to plaintiffs' counsel on June 7, 2019, stating, among other things: "**This is to confirm that we will depose Bernard Black at our office in New York (45 Broadway, 32nd Floor, NY, NY 10006) on July 8, 2019 starting at 10 a.m., and will depose Katherine Black at our office in New York on July 10, 2019 starting at 10 a.m.**" A copy of our office's June 7, 2019 email to plaintiffs' counsel is enclosed as Exhibit "C" (emphasis in original). In addition, the parties agreed that Samuel Black would be deposed in New York on July 17, 2019. The parties are also currently in the process of conferring to schedule the deposition of Benjamin Black, which was previously scheduled for May 7, 2019, but then cancelled by plaintiffs' counsel. *See* email from plaintiffs' counsel enclosed as Exhibit "D" cancelling Benjamin Black's May 7, 2019 deposition.

Based upon the fact that plaintiffs' witnesses were not going to be deposed until July, the parties reached an agreement in the form of a proposed so-ordered stipulation to extend the defendants' time to serve expert reports, the parties' time to conduct expert depositions, and the deadline to file summary judgment motions, which we intended to submit to the court for approval upon the consent of all parties. Enclosed herewith as Exhibit "E" is a copy of the proposed so-ordered stipulation that was previously approved by all parties.

However, on June 26, 2019, nineteen (19) days after Bernard Black and Katherine Black's depositions had been fully confirmed for July 8 and 10th in New York, respectively, we received an email from plaintiffs' counsel indicating that neither of them were available on those dates. The email further indicated that Katherine Black broke her ankle and that she was available for her deposition in Chicago after a trial in a separate action that she filed against Cherie Wrigely (who is also a defendant in this action) and that Bernard Black was available for his deposition from August 6-9 in Chicago. Enclosed herewith as Exhibit "F" is a copy of said email.

We wrote back to plaintiffs' counsel the same day indicating that his unilateral reneging of his agreement to produce these witnesses on the dates set in New York was unacceptable. *See* the undersigned's email to plaintiffs' counsel annexed hereto as Exhibit "G." Plaintiffs' counsel then wrote back to all defendants oddly annexing a letter not from Katherine Black's treating physician, but from a medical doctor in Colorado who stated that he reviewed her records, and indicated that she should not be traveling. A copy of plaintiffs' counsel's email is enclosed as Exhibit "H." Yet, contradictorily, plaintiffs' counsel has advised that Katherine Black is going to be traveling to Chicago for the trial in the other action set to begin on July 15, 2019. *Id.*

Winget | Spadafora | Schwartzberg | LLP

Hon. Steven L. Tiscione
June 28, 2019
Page 3 of 3

There is absolutely no reason that Bernard Black should not be compelled to appear for his previously confirmed deposition in New York on July 8, 2019. He has not been injured, and there is no reason that the defendants should have to wait until August to depose him and/or to fly to Chicago to do so. It is clearly unfair for the plaintiffs to continue to postpone Bernard Black's deposition, particularly given that all defendants have been made available and have already appeared for their respective depositions. We would ask that at the upcoming July 3, 2019 conference, the Court order Bernard Black to appear for his deposition in New York on July 8, 2019, as was previously agreed to by plaintiffs' counsel, and further order that if he fails to appear for his deposition on that date that he shall be precluded from providing any testimony at trial or otherwise in this action. With respect to Katherine Black, we are amenable to moving her deposition date in light of plaintiffs' counsel's representation about the injury to her ankle, so long as she will appear in New York for her deposition on a mutually convenient date and the proposed dates in the so-ordered stipulation are appropriately extended to provide defendants with additional time to serve expert reports after Katherine Black's deposition, and the other deadlines in the proposed so-ordered stipulation are also appropriately extended.

We thank Your Honor for your continued attention and consideration of this matter.

Respectfully submitted,

Harris B. Katz, Esq.

Cc: All Counsel of Record (Via Electronic Filing)

Winget | Spadafora | Schwartzberg | LLP