# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHERINE BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17 C 101 |
| | ) | |
| CHERIE WRIGLEY, MELISSA COHENSON, BRIAN A. RAPHAN, P.C., and PAMELA KERR, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY

The Court has reviewed the materials submitted for *in camera* inspection in connection with plaintiff's motions to compel discovery and rules as stated in this order.

1. <u>Wrigley documents</u>

Defendant Wrigley redacted a good deal of information from documents she produced, specifically from documents WRIGLEY0026-0036. The redactions were appropriate. The material is not relevant, as it all concerns attempts to collect on a judgment against Bernard Black, who is not a party to this case, and it amounts to work product, as it involves work done under the direction of counsel in connection with pending litigation. Plaintiff has identified no viable basis for a contention that work product protection has been waived. Plaintiff's motion to compel is denied with respect to these documents.

Plaintiff's reply in support of her motion to compel regarding Wrigley also indicated that Wrigley had produced certain e-mails but not the attachments to those e-mails. Assuming the attachments still have not been produced, Wrigley has not provided them for *in camera* inspection. The Court sees no viable justification for withholding them and directs Wrigley to produce them immediately if she has not already done so.

2. Cohenson & Brian A. Raphan, P.C. documents

Most of the documents withheld by defendant Cohenson, who is an attorney, and Brian A. Raphan, P.C., the law firm with which she was affiliated, are attorney notes regarding pending or anticipated litigation. See MCBR71-98, 103. They are protected by the work product doctrine, and at least some of them memorialize communications protected by the attorney-client privilege. Document MCBR 99-102 consists of typewritten notes from Cherie Wrigley, Cohenson's client at the time. They are protected by both the attorney-client and work product privileges. Finally, document MCBR134-136 is an exchange of e-mails between client (Wrigley) and attorney (Raphan and Cohenson) concerning pending litigation, and it is unquestionably privileged. The Court sees no viable basis for a contention that any applicable privilege has been waived. The motion to compel is denied with respect to these documents.

Plaintiff's reply on the motion to compel regarding Cohenson and Brian A. Raphan, P.C. also included discussion of electronically stored information that admittedly was not produced, allegedly because the files are corrupted. In their response to the motion, Cohenson and the law firm have offered to provide an affidavit from Raphan regarding his attempts to recover the files and, if reasonably necessary, a further deposition of Raphan on that topic. The Court will hold Cohenson and Raphan to that commitment.

3. Kerr documents

The first four documents provided by Kerr are clearly non-privileged (KERR00000687, 688, 689, and 690). The fact that they were attached to an e-mail to counsel does not entitle Kerr to withhold them. They are to be produced immediately. (It is highly likely that plaintiff already has all four of these documents from other sources.)

Document KERR0001845 consists of Kerr's comments to counsel regarding allegations in a lawsuit against her. It is a protected attorney-client communication as well as work product. The remaining documents consist of a series of e-mail exchanges, most of them overlapping with each other. They involve various members of a large collection of people, some lawyers and some not: defendant Wrigley, attorney Lisa Diponio, Wrigley's brother Anthony Dain, who is also an attorney, attorney

2

Ira Salzman, defendant and attorney Cohenson, defendant Kerr, someone with the e-mail address d.zen@q.com, attorney Melissa Schwartz, attorney Michael Kutzin, and perhaps others. The e-mails concern discussion about settlement of pending litigation and litigation strategy. They are all protected work product, if nothing else. And again, the Court sees no viable basis for a claim of waiver. The non-lawyers involved all had a common interest in connection with all sorts of pending an anticipated litigation, even if they did not have a written agreement to this at the time. Dain was not a party to the litigation, but it is clear from the contents and context of the e-mails that he was participating not just as Wrigley's brother but also because he was providing input as an attorney.

## Conclusion

Plaintiff's motions to compel are granted in part and otherwise denied as indicated above. In light of the Court's rulings, the Court finds that no further deposition testimony by the defendants related to the claims of privilege is warranted, though the Court does not intend by this to retreat from its previous comments about the impropriety of certain instructions not to answer and "speaking objections" during the pertinent depositions.

Date: November 15, 2018

_____
MATTHEW F. KENNELLY
United States District Judge