# Exhibit B



Andrew Mancilla <andrew@law-mf.com>

## Summary of the May 30th Meet and Confer

**Harris Katz** <katz.h@wsllp.com>  Fri, Jun 7, 2019 at 3:10 PM
To: "Michael H. Schaalman" <mhs@hallingcayo.com>, "Robert Fantone, Esq." <robert@law-mf.com>, "Tracy P. Hoskinson" <tracy.hoskinson@kennedyscmk.com>, "Dain, Anthony J." <anthony.dain@procopio.com>, Andrew Mancilla <andrew@law-mf.com>
Cc: "Sharan R. Abraham" <sharanrabraham@gmail.com>, "Brad S. Grayson" <bgrayson@straussmalk.com>

Mr. Schaalman,

With respect to your below proposal concerning the plaintiffs' second document requests to Salzman, our counterproposal is as follows:

- In response to No. 4, we will produce our client's invoices with any privileged information redacted.

The other requests are entirely overbroad and unduly burdensome, and largely (if not completely) redundant of the plaintiffs' prior requests wherein plaintiffs demanded, among other things, all documents relating to any communications with Anthony Dain, Cherie Wrigley, Melissa Cohenson, and Pamela Kerr.

Please advise as to whether our counterproposal is acceptable.

We are currently reviewing our privilege logs and will further confer with you as respects the second issue you refer to below in the near future.

**This is further to confirm that we will depose Bernard Black at our office in New York (45 Broadway, 32nd Floor, NY, NY 10006) on July 8, 2019 starting at 10 a.m., and will depose Katherine Black at our office in New York on July 10, 2019 starting at 10 a.m.**

Finally, we will circulate a proposed stipulation early next week to extend the deadline for defendants to serve expert reports and to extend the deadline for expert depositions. Given that Samuel Black's deposition is not being held until July 17, 2019, we propose that defendants' deadline to serve expert reports as being August 17, 2019.

Regards,

Harris B. Katz, Esq.

WINGET, SPADAFORA & SCHWARTZBERG, LLP
45 Broadway, 32nd Floor
New York, New York 10006
(212) 221-6900 (tel)
(212) 221-6989 (fax)
katz.h@wsllp.com (e-mail)
www.wsllp.com

PLEASE NOTE, THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM

DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

**From:** Michael H. Schaalman [mailto:mhs@hallingcayo.com]
**Sent:** Tuesday, June 04, 2019 11:58 AM
**To:** Harris Katz; Robert Fantone, Esq.; Tracy P. Hoskinson; Dain, Anthony J.; Andrew Mancilla
**Cc:** Sharan R. Abraham; Brad S. Grayson
**Subject:** Summary of the May 30th Meet and Confer

    Counsel, here is our summary of what was agreed to at the meet and confer conference on May 30th in ***Black et al. v. Dain et al., Case no. 16-cv-1238:*** (1) counsel for defendants Wrigley, Pinto and CPI will confirm in writing that these defendants are not withholding any documents responsive to the Plaintiffs' First Request for Documents on the basis of privilege, work product or the doctrine of joint defense and common interest as soon as possible; (2) counsel for defendants Salzman and Cohenson and Raphan will review their privilege logs regarding to the assertion of attorney-client privilege, work product and the doctrine of joint defense and common interest over communications involving Bart Russo, Eve Markevich, attorneys for Bernard Black and court personnel and disclose to plaintiffs' counsel, as soon as possible, whether they will continue to withhold these documents ; (3) counsel for the plaintiffs will identify for defense counsel the individuals listed in the privilege logs who they do not recognize and defense counsel will identify those individuals promptly after receiving the list of these individuals; (4) plaintiffs' counsel proposed to limit the Second Request for Documents to defendant Dain by withdrawing Requests 1-3, to defendant Salzman, by withdrawing Requests 1-2, to defendant Wrigley, by withdrawing Requests 1-3, to defendants Pinto and CPI, by withdrawing Requests 1-2, and to defendants Cohenson and Raphan, by withdrawing Requests 1-2; (5) defense counsel will respond to plaintiffs' counsel proposal to limit the Second Request for Documents by June 6th and (6) counsel for defendant Salzman will promptly draft and circulate a proposed stipulation to extend the deadline for the disclosure of defendants' expert(s) report(s) and to extend discovery for expert depositions.

[Quoted text hidden]



Andrew Mancilla <andrew@law-mf.com>

## Summary of the May 30th Meet and Confer

**Andrew Mancilla** <andrew@law-mf.com>  Fri, Jun 7, 2019 at 9:38 PM
To: "Michael H. Schaalman" <mhs@hallingcayo.com>
Cc: "Michael H. Schaalman" <mhs@hallingcayo.com>, Harris Katz <katz.h@wssllp.com>, "Robert Fantone, Esq." <robert@law-mf.com>, "Tracy P. Hoskinson" <tracy.hoskinson@kennedyscmk.com>, "Sharan R. Abraham" <sharanrabraham@gmail.com>, "Brad S. Grayson" <bgrayson@straussmalk.com>, "Dain, Anthony J." <anthony.dain@procopio.com>

Mr. Schaalman,

Pursuant to our meet and confer telephone discussion on May 30, 2019, you proposed the following regarding the discovery dispute, as it pertains to our clients Cherie Wrigley, Esaun Pinto/CPI Investigations, Inc.:

*1. counsel for defendants Wrigley, Pinto and CPI will confirm in writing that these defendants are not withholding any documents responsive to the Plaintiffs' First Request for Documents on the basis of privilege, work product or the doctrine of joint defense and common interest as soon as possible;*

*2. defense counsel will respond to plaintiffs' counsel proposal to limit the Second Request for Documents - Wrigley, by withdrawing Requests 1-3, Pinto and CPI, by withdrawing Requests 1-2.*

Regarding your first request we confirm the defendants are not withholding any documents responsive to the Plaintiffs' First Request for Documents on the basis of privilege, work product or the doctrine of joint defense and common interest.

Regarding your "limited" second set of document requests, we are willing to produce contracts for professional services related to the Trusts, the Dain Actions or the Conservatorship, with redactions to protect all applicable privileges.

Regarding your Request #4 to Pinto/CPI, we object based on undue burden given your client is already in possession of responsive documents. Regarding request #5, we object to the request as over-broad and unlikely to lead to any documents relevant to the issues in this lawsuit.

Regarding requests #6 and #7 to Wrigley, we object on the grounds that they are over-broad.

Sincerely,
Andrew

On Fri, Jun 7, 2019 at 7:51 PM Dain, Anthony J. <anthony.dain@procopio.com> wrote:

> Mr. Schaalman,
>
> In keeping with Magistrate Judge Tiscione's Order that we meet and confer to "severely narrow the scope of the discovery requests." I am offering to search for and provide you with any contracts I have for legal, accounting, consulting, or other professional services related to the Trusts, the Dain Actions or the Conservatorship (using your defined terms), and redacted as necessary to protect attorney-client privilege, any other privilege and/or work product doctrine.
>
> Best regards,
>
> Anthony Dain

**From:** Michael H. Schaalman [mailto:mhs@hallingcayo.com]
**Sent:** Tuesday, June 04, 2019 8:58 AM
**To:** Harris Katz; Robert Fantone, Esq.; Tracy P. Hoskinson; Dain, Anthony J.; Andrew Mancilla
**Cc:** Sharan R. Abraham; Brad S. Grayson
**Subject:** Summary of the May 30th Meet and Confer

Counsel, here is our summary of what was agreed to at the meet and confer conference on May 30th in *Black et al. v. Dain et al., Case no. 16-cv-1238:* (1) counsel for defendants Wrigley, Pinto and CPI will confirm in writing that these defendants are not withholding any documents responsive to the Plaintiffs' First Request for Documents on the basis of privilege, work product or the doctrine of joint defense and common interest as soon as possible; (2) counsel for defendants Salzman and Cohenson and Raphan will review their privilege logs regarding to the assertion of attorney-client privilege, work product and the doctrine of joint defense and common interest over communications involving Bart Russo, Eve Markevich, attorneys for Bernard Black and court personnel and disclose to plaintiffs' counsel, as soon as possible, whether they will continue to withhold these documents ; (3) counsel for the plaintiffs will identify for defense counsel the individuals listed in the privilege logs who they do not recognize and defense counsel will identify those individuals promptly after receiving the list of these individuals; (4) plaintiffs' counsel proposed to limit the Second Request for Documents to defendant Dain by withdrawing Requests 1-3, to defendant Salzman, by withdrawing Requests 1-2, to defendant Wrigley, by withdrawing Requests 1-3, to defendants Pinto and CPI, by withdrawing Requests 1-2, and to defendants Cohenson and Raphan, by withdrawing Requests 1-2; (5) defense counsel will respond to plaintiffs' counsel proposal to limit the Second Request for Documents by June 6th and (6) counsel for defendant Salzman will promptly draft and circulate a proposed stipulation to extend the deadline for the disclosure of defendants' expert(s) report(s) and to extend discovery for expert depositions.

Bernard Black and Katherine Black are available for their examinations between July 8th through July 10th.



Michael H. Schaalman

Halling & Cayo, S.C.

320 E. Buffalo Street, Suite 700

Milwaukee, WI 53202

www.hallingcayo.com

Direct: (414) 755-5019

Office: (414) 271-3400

Fax: (414) 271-3841

mhs@hallingcayo.com

This email and any accompanying documents in this transmission contain information from Halling & Cayo, S.C. which is confidential and/or privileged.  This information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying or distribution of or use of the contents of this information is prohibited, and may constitute an invasion of the privacy of the intended recipient.  If you have received this email in error, please notify us by telephone (collect) immediately so that we may arrange for the retrieval of the original document(s).

mailgw01.procopio.com made the following annotations
----------------------------------------------------------------
Fri Jun 07 2019 16:51:49

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.
------------------------------------------------------------------

--

Andrew Mancilla │ Partner
**MANCILLA & FANTONE, LLP.**
-----------------------------------------------------------
**NY, NJ, SDNY, EDNY, DNJ, SECOND CIRCUIT**
T  646.225.6686 │ F  646.655.0269
260 MADISON AVE. 22ND FLOOR,
NEW YORK, NEW YORK 10016
LAW-MF.COM

***********************
THE INFORMATION AND COMMUNICATION CONTAINED IN THIS EMAIL MESSAGE ARE INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT HAS BEEN ADDRESSED.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY EMAIL OR TELEPHONE AND DELETE THIS EMAIL IMMEDIATELY.  RECEIPT BY ANYONE OTHER THAN THE INTENDED RECIPIENT IS NOT A WAIVER OF ANY ATTORNEY-CLIENT OR WORK-PRODUCT PRIVILEGE.
***********************



Andrew Mancilla <andrew@law-mf.com>

## Summary of the May 30th Meet and Confer

**Dain, Anthony J.** <anthony.dain@procopio.com>  Fri, Jun 7, 2019 at 4:51 PM
To: "Michael H. Schaalman" <mhs@hallingcayo.com>, Harris Katz <katz.h@wssllp.com>, "Robert Fantone, Esq." <robert@law-mf.com>, "Tracy P. Hoskinson" <tracy.hoskinson@kennedyscmk.com>, Andrew Mancilla <andrew@law-mf.com>
Cc: "Sharan R. Abraham" <sharanrabraham@gmail.com>, "Brad S. Grayson" <bgrayson@straussmalk.com>

Mr. Schaalman,

In keeping with Magistrate Judge Tiscione's Order that we meet and confer to "severely narrow the scope of the discovery requests." I am offering to search for and provide you with any contracts I have for legal, accounting, consulting, or other professional services related to the Trusts, the Dain Actions or the Conservatorship (using your defined terms), and redacted as necessary to protect attorney-client privilege, any other privilege and/or work product doctrine.

Best regards,

Anthony Dain

---

**From:** Michael H. Schaalman [mailto:mhs@hallingcayo.com]
**Sent:** Tuesday, June 04, 2019 8:58 AM
**To:** Harris Katz; Robert Fantone, Esq.; Tracy P. Hoskinson; Dain, Anthony J.; Andrew Mancilla
**Cc:** Sharan R. Abraham; Brad S. Grayson
**Subject:** Summary of the May 30th Meet and Confer


   Counsel, here is our summary of what was agreed to at the meet and confer conference on May 30th in *Black et al. v. Dain et al., Case no. 16-cv-1238:* (1) counsel for defendants Wrigley, Pinto and CPI will confirm in writing that these defendants are not withholding any documents responsive to the Plaintiffs' First Request for Documents on the basis of privilege, work product or the doctrine of joint defense and common interest as soon as possible; (2) counsel for defendants Salzman and Cohenson and Raphan will review their privilege logs regarding to the assertion of attorney-client privilege, work product and the doctrine of joint defense and common interest over communications involving Bart Russo, Eve Markevich, attorneys for Bernard Black and court personnel and disclose to plaintiffs' counsel, as soon as possible, whether they will continue to withhold these documents ; (3) counsel for the plaintiffs will identify for defense counsel the individuals listed in the privilege logs who they do not recognize and defense counsel will identify those individuals promptly after receiving the list of these individuals; (4) plaintiffs' counsel proposed to limit the Second Request for Documents to defendant Dain by withdrawing Requests 1-3, to defendant Salzman, by withdrawing Requests 1-2, to defendant Wrigley, by withdrawing Requests 1-3, to defendants Pinto and CPI, by withdrawing Requests 1-2, and to defendants Cohenson and Raphan, by withdrawing Requests 1-2; (5) defense counsel will respond to plaintiffs' counsel proposal to limit the Second Request for Documents by June 6th and (6) counsel for defendant Salzman will promptly draft and circulate a proposed stipulation to extend the deadline for the disclosure of defendants' expert(s) report(s) and to extend discovery for expert depositions.

[Quoted text hidden]

mailgw01.procopio.com made the following annotations
------------------------------------------------------------------
Fri Jun 07 2019 16:51:49

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

------------------------------------------------------------------

Case 1:16-cv-01238-CBA-ST   Document 246-2   Filed 05/14/20   Page 8 of 10 PageID #: 7971



Andrew Mancilla <andrew@law-mf.com>

## Black v. Dain - Discovery Issues [KEN-Legal.FID41356467]

**Tracy P. Hoskinson** <Tracy.Hoskinson@kennedyslaw.com>　　　　　　　　　　　　　　　Fri, Jun 7, 2019 at 1:23 PM
To: "Michael H. Schaalman" <mhs@hallingcayo.com>, "Sharan R. Abraham" <sharanrabraham@gmail.com>, "bgrayson@straussmalk.com" <bgrayson@straussmalk.com>
Cc: Harris Katz <katz.h@wssllp.com>, "Dain, Anthony J." <anthony.dain@procopio.com>, Andrew Mancilla <andrew@law-mf.com>, "Robert Fantone, Esq." <robert@law-mf.com>

Mr. Schaalman,

Pursuant to our meet and confer telephone discussion on May 30, 2019, you proposed the following regarding the discovery dispute, as pertains to my clients Cohenson and Raphan:

　　1.　Counsel for defendants Cohenson and Raphan will review their privilege logs regarding to the assertion of attorney-client privilege, work product and the doctrine of joint defense and common interest over communications involving Bart Russo, Eve Markevich, attorneys for Bernard Black and court personnel and disclose to plaintiffs' counsel, as soon as possible, whether they will continue to withhold these documents. (When asked for clarification, you noted the court personnel to be Laura Messiana, Carl Glatstein, Lee Hoffman, and Sahony Ramos). Counsel for the plaintiffs will identify for defense counsel the individuals listed in the privilege logs who they do not recognize and defense counsel will identify those individuals promptly after receiving the list of these individuals.

　　2.　Limiting Plaintiffs' the Second Request for Documents to defendants Cohenson and Raphan, by withdrawing Requests 1-2 (of 6).

My counterproposal is as follows:

　　1.　Regarding the privilege log:

　　　　-　We will produce communications noted in our privilege log to be with Bart Russo, as he is the only individual in your list indicated in our log.

　　　　-　We will await the list of individuals and will work with our clients to identify them to the extent they are able to, assuming we find the list to be relevant, reasonable, and not overly burdensome.

　　2.　Regarding your Second Demand for Documents

　　　　-　In response to No. 4, we will produce our clients' billing records with any privileged information redacted.

　　　　-　In response to Nos. 5 and 6, we advise that this demand will not result in disclosure of any additional records, as our prior searches would have encompassed any such documents, should they exist.

Please let me know if you accept my counterproposal.

Thanks, and have a good weekend.

Tracy P. Hoskinson

Associate

for Kennedys

**Kennedys**

T +1 646 625 4038

M +1 908 616 2963

F +1 212 832 4920

www.kennedyslaw.com

**General Data Protection Regulations** - From 25 May 2018 to the extent that we are currently in a contract with you or are intending to enter into a contract that involves processing the data of individuals in the EU, we would ask you to note the terms of our GDPR Privacy Policy, also our Client Terms of Business to the extent that we have not already agreed GDPR variations with you and, if you supply any products or services to us, our Supplier Terms of Business each of which will apply to all existing and future dealings between us as appropriate.

Please be aware of the increase in cybercrime and fraud. If you receive an email purporting to be from someone at Kennedys which seeks to direct a payment to bank details which differ from those which we have already given you (in our retainer letter and on our invoices) it is unlikely to be genuine. Please do not reply to the email or act on any information contained in it but contact us immediately.

Kennedys is a trading name of Kennedys CMK LLP, a limited liability partnership with registration number 045017416. Our registered office is at 120 Mountain View Boulevard, Basking Ridge, New Jersey 07920. The information contained in this transmission may be privileged and confidential and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this transmission in error, please immediately notify the sender and then delete it.

This email has been scanned for viruses and malicious content by Kennedys email security service provided by Mimecast. For more information on email security, visit http://www.mimecast.com/