UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SARAH H. BLACK AND KATHERINE BLACK,
ON BEHALF OF HER MINOR CHILDREN
D.B. AND J.B.,

                                Plaintiffs,

      -against-

ANTHONY DAIN, CHERIE WRIGLEY,
IRA SALZMAN, MELISSA COHENSON,
BRIAN A. RAPHAN, P.C., ESAUN G. PINTO,
AND CPI INVESTIGATIONS,

                                Defendants.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATIONN**

**CV-16-01238 (CBA) (ST)**

**TISCIONE, United States Magistrate Judge:**

This case arises out of a dispute concerning the management and distribution of assets in trusts belonging to the estate of Renata Black. In their Third Amended Complaint (ECF No. 149), Plaintiffs asserted claims against Defendant Ira Salzman for allegedly aiding and abetting Dain's breach of fiduciary duty and for allegedly inducing Joanne Black to breach her fiduciary duties. 3d Am. Compl. ¶¶ 1381-1430. Plaintiffs also launch claims against Cohenson and Brian A. Raphan, P.C. for allegedly aiding and abetting Defendant Dain's alleged breach of fiduciary duty. 3d Am. Compl. ¶¶ 1450-1472. When a case involves claims by an infant plaintiff, courts in the Eastern District of New York must review any proposed settlement. See E.D.N.Y. Local Civ. R. 83.2(a); see also Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd, & Carwile, P.C., 596 F.3d 84, 89 (2d Cir. 2010) ("District courts have broad discretion when conducting an infant compromise hearing."). Plaintiffs moved this Court for approval of a settlement agreement resolving the claims of all plaintiffs in this action against defendant Ira

1

Salzman (ECF No. 241) and against defendants Melissa Cohenson and Brian A. Raphan, P.C. (ECF No. 255).

**A. Standard of Review**

The court's proceedings must "conform, as nearly as may be, to the New York State statutes and rules . . . ." E.D.N.Y. Local Civ. R. 83.2(a)(1).  The New York requirements for infant compromise proceedings are set forth in New York Judiciary Law § 474 and the New York Civil Practice Laws and Rules §§ 1205-1208, which require, among other things, an affidavit from the infant's representative stating "the terms and proposed distribution of the settlement and [the representative's] approval of both." N.Y. C.P.L.R. 1208(a)(5).  The court must determine "whether it is fair, whether the interests of the infant plaintiff are protected, and whether the attorneys' fees sought are reasonable." Doe v. Mattingly, No. 06 Civ. 5761 (JBW) (CLP), 2007 WL 2362888, at *1 (E.D.N.Y. Aug. 14, 2007); see Orlander v. McKnight, 12 Civ. 4745 (HBP), 2013 WL 4400537, at *3 (S.D.N.Y. Aug. 15, 2013).

"A strong presumption exists that a settlement is fair and reasonable where (i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; and, (iii) there has been sufficient discovery to enable counsel to act intelligently." Camac v. Long Beach City Sch. Dist., No. 09 Civ. 5309 (MKB) (GRB) 2012 WL 3277228, at *4 (E.D.N.Y. July 25, 2012) (citing Mattingly, 2007 WL 2362888, at *2), report & recommendation adopted, No. 09 Civ. 5309 (MKB) (GKB), 2013 WL 991355 (E.D.N.Y. Mar. 13, 2013).  Proposed settlements which have been negotiated by the infant's natural guardian carry a presumption that they are fair and in the infant's best interests, and should therefore be afforded some level of deference. See Sch. for Language & Commc'n Dev. v. N.Y. State Dep't of Educ., No. 02 Civ. 269 (JS) (JO), 2010 WL 1740416, at *3 (E.D.N.Y.

2

Apr. 7, 2010) (collecting cases), supplemented, No. 02 Civ. 269 (JS) (JO), 2010 WL 1752192 (E.D.N.Y. Apr. 26, 2010), report & recommendation adopted, No. 02 Civ. 269 (JS) (JO), 2010 WL 1752183 (E.D.N.Y. Apr. 28, 2010).

In assessing fairness, a court should compare "'the terms of the compromise with the likely rewards of litigation.'" Neilson v. Colgate-Palmolive Co., 199 F.3d 642, 654 (2d Cir. 1999) (quoting Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1079 (2d Cir. 1995)). The court must "form an educated estimate of the complexity, expense, and likely duration of such litigation." Martegani v. Cirrus Design Corp., 687 F. Supp. 2d 373, 377 (S.D.N.Y. 2010) (quoting Newman v. Stein, 464 F.2d 689, 692 (2d Cir. 1972) (internal quotation marks omitted), and "exercise the most jealous care that no injustice be done to the infant," Southerland v. City of New York, No. 99 Civ. 3329 (CPS), 2006 WL 2224432, at *2 (E.D.N.Y. Aug. 2, 2006) (quoting Anderson v. Sam Airlines, 94 Civ. 1935, 1997 WL 1179955 (E.D.N.Y. Apr. 25, 1997) (internal quotation marks omitted)). In determining an infant compromise motion, the court considers the litigation risks, but does not "decide the merits of the case or resolve unsettled legal questions." Vitucci v. Winthrop Univ. Hosp., No. 12 Civ. 4328 (DRH) (GRB), 2014 WL 4659274, at *4, 6 (E.D.N.Y. Sept. 17, 2014). Furthermore, while the court may conduct an infant compromise hearing, it is not required where, as here, the necessary information is available from the documents and affidavits submitted in support of the motion. See Sch. for Language & Commc'n Dev., 2010 WL 1740416, at *2.

**B. Analysis**

The Court has thoroughly reviewed the proposed settlement agreements (ECF Nos. 241 & 255), the sworn affidavits by the guardian (ECF Nos. 253 & 255), and the attorneys'

3

declarations in support of the Motions for Approval of Infant Compromise. The Court addresses each agreement in turn.

1) Settlement Agreement between Plaintiffs and Ira Salzman

Upon reviewing Plaintiffs' settlement with Defendant Ira Salzman (ECF No. 241) the Court had noted concern that the agreement does not specify the method in which the settlement funds would be disbursed.  Hence, this Court directed the parties to submit additional materials to satisfy the Court that the settlement funds would be fairly disbursed to the infants.  Minute Entry, ECF No. 252.  In response, Plaintiffs' attorney Michael Schaalman submitted a declaration to this Court (ECF No. 253) stating that the terms of the settlement are fair and reasonable in light of the known facts and within the range of likely rewards from continued litigation. Schaalman Decl. ¶¶ 7-9, ECF No. 253-1.  Schaalman further declared that the settlement amount would be transferred into a trust account belonging to the attorney's law firm, and then distributed into an account for the Issue Trust–of which Plaintiffs are beneficiaries–at Northview Bank & Trust at 245 Waukegan Road, Northfield, IL 60093. *Id*.  Additionally, ten thousand dollars will be deposited into an interest-bearing account for each infant plaintiff at Northview Bank & Trust, to be managed by the infant plaintiffs' father, Bernard Black. Schaalman Supp. Decl. ¶ 9, ECF No. 263.  No legal fees will be charged against the funds. Schaalman Decl. ¶¶ 10, ECF No. 253-1.  The infants' guardian and parent, Katherine Black, submitted an affidavit supporting the settlement agreement and disbursement of the funds to the Issue Trust. *See* Katherine Black Aff., ECF No. 253-2.

2) Settlement Agreement between Plaintiffs and Defendants Melissa Cohenson, and Brian A. Raphan, P.C.

The Settlement Agreement between Plaintiffs and Defendants Cohenson and Raphan, P.C., includes a release of the claims against the Defendants in exchange for a certain amount of settlement funds. In addition to Plaintiffs Sarah Black and Katherine Black (on behalf of her two minor children J.B. and D.B.), the agreement stipulates that non-plaintiff family members Samuel H. Black and Bernard Black would also release claims against Defendants. See Settlement Agreement Black-Raphan-Cohenson, ECF No. 255. The agreement is executed by all Plaintiffs, plus Samuel H. Black and Bernard Black. *Id*. Similar to the above Ira Salzman Agreement, Plaintiffs' attorney Michael Schaalman submitted a declaration to this Court (ECF No. 256-1) stating that the terms of the settlement are fair and just in light of the known facts and within the range of likely rewards from continued litigation. Schaalman Decl. ¶¶ 7-9, ECF No. 256-1. Schaalman further declared that once the settlement funds are received by the law firm, it will then be distributed into an account for the Issue Trust–of which Plaintiffs are beneficiaries– at Northview Bank & Trust at 245 Waukegan Road, Northfield, IL 60093. *Id*. Additionally, ten thousand dollars will be deposited into an interest-bearing account for each infant plaintiff at Northview Bank & Trust, to be managed by the infant plaintiffs' father, Bernard Black. Schaalman Supp. Decl. ¶ 9, ECF No. 263. No legal fees are charged against the funds. Schaalman Decl. ¶¶ 10, ECF No. 253-1. The infants' guardian and parent, Katherine Black, submitted an affidavit supporting the settlement agreement and disbursement of the funds to the Issue Trust. *See* Katherine Black Aff., ECF No. 256-2

**C. Conclusion**

Having examined the Record and the Parties' submissions, I conclude that the settlement is fair and reasonable because it is the result of arm's length negotiations, after the completion of substantive discovery, and has been endorsed by the infant plaintiffs' natural guardian and attorney. Therefore, for the reasons outlined above, I recommend that the proposed infant compromise order providing for settlement of this case between Plaintiffs and Defendants Ira Salzman, Melissa Cohenson, and Brian A. Raphan, P.C., should be GRANTED.

**D. Objections to this Report and Recommendation**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                              /s/
                                              Steven L. Tiscione
                                              United States Magistrate Judge
                                              Eastern District of New York

Dated: Central Islip, New York
       March 9, 2021