# SCHAALMAN LAW GROUP
1043 East Ogden Avenue
Milwaukee, WI 53202
414-202-9305
Michael@Schaalmanlaw.com

**BY ELECTRONIC FILING**

March 16, 2023

The Honorable Carol B. Amon
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>Re: *Black et al. v. Dain et al.*
>Case No. 1:16-cv-1238 (CBA)(ST)

Dear Judge Amon:

This letter responds to the Court's Order of March 14, 2023 stating:

> The Court takes notice that there appears to be three separate actions currently pending in Illinois state court between Katherine Black and Bernard Black, et al., with all three actions appearing to be based on the demand note issued on October 1, 2016 (Dkt. 326-18). See Litvak v. Black, 147 N.E.3d 835 (Ill. App. Ct. 2019); Black v. Black, No. 2021 L 00817 (Ill. Cir. Ct. 2021); Black v. Black, No. 2021 L 012893 (Ill. Cir. Ct. 2022). Plaintiffs shall file a letter, no later than March 16, 2023, explaining (a) the status of the three cases (e.g., the status of the petition to vacate the default judgment in Black v. Black, No. 2021 L 00817) and (b) how the Litvak v. Black litigation is related to or different from the latter two actions.

In the first action, *Litvak v. Black*, the trial court determined that Jeanette Goodwin had standing to intervene in and challenge a loan judgment obtained by Katherine Litvak (also known as Katherine Black) against the SNT and the Issue Trust, with respect to the SNT. The trial court also held that that Goodwin lacked standing to intervene with respect to the Issue Trust. Court order (Feb. 16, 2018).[1]

---

[1] The trial court determined that minority SNT trustee Anthony Dain, who also sought to intervene, lacked standing for both trusts.

On appeal by Goodwin, the Illinois Court of Appeals determined that Goodwin also had standing with respect to the Issue Trust, vacated the loan judgment as to both trusts, and remanded for a trial on the merits of Goodwin's claim that the loans were fraudulent.[2]

The Illinois Court of Appeals did not reach any judgment on the merits of this claim. It applied a motion to dismiss standard and accepted as true the allegations in the complaint.[3]

Following remand, Katherine voluntarily dismissed her case against the two trusts. This dismissal ended the *Litvak v. Black* litigation. Katherine then refiled separate actions, one against each trust, seeking repayment of her loans to the trusts. These are the two cases described below. In the interim, she had made additional loans, so the loan amounts and judgments are larger than in the original *Litvak v. Black* filing. Under the loan agreement, both trusts are jointly and severally liable for repayment of the loans she made to them, although she can, of course, collect only once.

Katherine obtained a judgment in May 2021 against the *Issue Trust* in *Black v. Black*, No. 2021 L 00817 (Ill. Cir. Ct. 2021). In May 2022, Goodwin has moved to intervene and vacate the judgment, again claiming that the loans were fraudulent. Katherine has sought dismissal of the motion to intervene on the grounds that: (i) Goodwin's intervention was not timely; and (ii) Goodwin lacks standing with respect to the Issue Trust because Joanne Black is not a beneficiary of this trust and has no viable cause of action against it.[4] If Goodwin succeeds in intervening and in vacating the loan judgment, a trial on the merits for the liability of the Issue Trust for those loans will be held in the future.

---

[2] Dain did not appeal the decision that he lacks standing to challenge the loans for either trust.

[3] In a parallel loan case involving a similar challenge by Goodwin and Dain to loans to the trusts from Olga Dal, a merits hearing was held. The trial court found no evidence of fraud and upheld the loans. This decision was upheld on appeal in *Dal v. Black*, 2020 Il. App. (1st) 191349 (2020).

[4] Katherine's motion to dismiss argues that the basis for standing, found by the Court of Appeals in *Litvak v. Black*, no longer exists due to passage of time and expiration of relevant statutes of limitation.

Katherine obtained a separate judgment against the *SNT* in *Black v. Black*, No. 2021 L 012893 (Ill. Cir. Ct. 2022). Goodwin and Dain have moved to intervene and vacate the judgment, claiming that the loans were fraudulent. For this judgment, Goodwin's standing is not disputed, and the intervention was timely; therefore, trial on the merits of the liability of the SNT for those loans is expected to be held in the future.[5]

The challenges to both loan judgments have been transferred to Judge Catherine Schneider. If Judge Schneider allows Goodwin's petition to intervene for the Issue Trust, it is expected that there will be single merits hearing with respect to both loan judgments. If Judge Schneider rejects Goodwin's petition to intervene for the Issue Trust, Goodwin may appeal prior to a merits hearing. In any case, there is expected to be a single merits hearing with regard to Katherine's loan claims, which will involve either liability only of the SNT (with Issue Trust liability already established), or the liability of both trusts, depending on whether Goodwin is allowed to intervene for the Issue Trust.

At present, Katherine has loan judgments against both trusts, in similar although not identical amounts. She has also continued to make additional loans to the trusts, following the dates of these judgments, for which the trusts are liable. The plaintiffs believe that these are valid loans, and expect that they will be upheld as valid obligations of both trusts after trial.

Very truly yours,

Michael H. Schaalman

/mhs

cc   Counsel of Record (by Electronic Filing)]

---

[5] It is likely that Dain will again be found to lack standing.