

**ANDREW MANCILLA**
NY, NJ, SDNY, EDNY, DNJ, 2ND CIRCUIT

260 MADISON AVE, 22ND FLR
NEW YORK, NY 10016
**T** 646.225.6686  **F** 646.655.0269
andrew@law-mf.com

March 17, 2023

**VIA ECF**
Hon. Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

    Re:  **Black, et al., v. Dain, et al., 16-cv-1238**
       **Response to Plaintiffs' March 16, 2023 Letter**

Dear Judge Amon:

  We represent Defendants Cherie Wrigley, Esaun Pinto, and CPI Investigations Inc., in the above-referenced matter. Defendant Anthony Dain joins in this letter. We write in reply to Plaintiffs' counsel's letter dated March 16, 2023 regarding this Court's March 14, 2023 Order.

  In 2018, Ms. Litvak filed the first case based on a October 1, 2016 demand note (Cook County Cir. Ct No. 18 L 9743). This suit is the subject of Litvak v. Black, 147 N.E.3d 835 (Ill.App.Ct. 2019). Neither Ms. Litvak, Bernard, nor Samuel, notified or served Joanne Black's conservator Jeanette Goodwin. Rather, Bernard and Samuel acknowledged service and immediately entered into an agreed judgment with Litvak for approximately $415,000.

  Ms. Goodwin, subsequently discovered the agreed judgment, intervened and petitioned the court to vacate it.[1] The circuit court vacated the judgment as to the Supplemental Needs and 2013 Trusts, but allowed the judgment to stand as to the Issue trust. Goodwin appealed, and the Illinois Appellate Court vacated the entire agreed judgment as being the product of collusion or fraud among Litvak, Bernard, and Samuel. The appellate court remanded the matter for trial on the merits of Ms. Litvak's claims, specifically adding that the trial was to be, "with Ms. Goodwin's full participation in this suit on Joanne's behalf." Litvak v. Black, 147 N.E.3d 835, 843. Trial was set to begin on April 1, 2020, but was continued due to the onset of the COVID-19 pandemic. Ms. Litvak ultimately ensured the case would not proceed to trial with Ms. Goodwin's participation; in the fall of 2020, Ms. Litvak dismissed the case.

---

[1] Mr. Dain, as trustee of the Trusts also sought to intervene. He was denied, with the court reasoning that Bernard and Samuel served as a majority of trustees and, thus, represented the Trusts' interests.

Surreptitiously, Ms. Litvak refiled her claims on the 2016 demand note in two separate lawsuits. The first of these suits, Cook County Cir. Ct No. 21 L 817, was filed against only the Issue Trust on January 25, 2021. The second, Cook County Cir. Ct No. 21 L 12893, was filed against only the Supplemental Needs Trust on December 27, 2021.

Ms. Litvak filed these new suits using a different surname, "Black," instead of Litvak as she had used in the demand note and the initial suit. In neither of the complaints did Ms. Litvak explain that she had previously filed an action on the 2016 demand note, that there was a published Appellate Court of Illinois opinion vacating her judgment and ordering a trial on the merits with Ms. Goodwin's full participation, and that she had subsequently dismissed that suit rather than proceed to trial with Ms. Goodwin.

Moreover, Ms. Litvak thumbed her nose at the Appellate Court by again not giving notice to Ms. Goodwin or serving her with the new complaints. This time Bernard and Samuel simply defaulted, allowing Ms. Litvak to obtain default judgments in both of suits. The amounts of the new collusive judgments are staggering: $1,521,120.18 against the Issue Trust and $2,031,530.87 against the Supplemental Needs Trust.

In moving to obtain the default judgments, Ms. Litvak failed to inform the respective courts of her prior case or Litvak v. Black, 147 N.E.3d 835 (Ill.App.Ct. 2019).[2] Ms. Litvak further failed to notify Ms. Goodwin that Litvak had obtained the judgments.

Conservator Goodwin and trustee Dain later learned of these judgments and have filed petitions to vacate. The judges assigned to the 21 L 817 and 21 L 12893 cases transferred the cases back to Judge Snyder, who had heard the petition to vacate on the initial case that became the subject of the appeal in Litvak v. Black. Judge Snyder retired in January 2023. The consolidated cases are now before Judge Catherine Schneider.

The petition to vacate in the 21 L 817 case is fully briefed and set for argument on April 26, 2023. The petition to vacate in the 21 L 12893 case will be fully briefed by April 26, 2023, although it is not set for hearing on that date. Judge Schneider has not indicated whether she will ultimately decide both cases at the same time.

In light of the Appellate Court of Illinois' findings and mandate in Litvak v. Black, and Ms. Litvak's, Bernard's and Samuel's unconscionable subsequent conduct, these new judgments should also be vacated as the product of collusion or fraud. Irrespective, as matters now stand, there has been no final determination that either of the judgments are valid. This is fatal to Plaintiffs' ability to prove causation or damages based on the judgments. Unless and until a determination is made that the judgments are valid, Plaintiffs cannot prove that the Trusts are obligated to Ms. Litvak. And, unless and

---

[2] Nor did Ms. Litvak inform the court in Case 21 L 12893 that Bernard had been suspended as a trustee of the Supplemental Needs Trust in January 2018 and, thus, could not purport to act on behalf of the Supplemental Needs Trust. See, Black v. Black, 482 P.3d at 477, 480, 484 (Colo.App. 2020.)

until Plaintiffs can prove that the Trusts are obligated to Ms. Litvak, they cannot prove that the Trusts suffered any damage nor that anyone other than Ms. Litvak, Bernard and Samuel are the cause of the Trusts being so obligated. And, finally, in light of the holding in Black v. Black, 482 P.3d at 477, 480 (Colo.App. 2020) that the assets in the Trusts "are not the rightful property of the Trusts," because Bernard stole them from Joanne, Plaintiffs cannot prove that the judgments (even if valid) could attach to, or diminish in any way, the Trusts' assets. See District Court Judge Wood's September 29, 2021 Order in JPMorgan Chase v. Black, 1:18-cv-03447, Dkt. 197 at 23 (D.E. 338-1). Thus, Plaintiffs cannot prove causation or damages and lack standing.

Defendants thank the Court for its patience and consideration.

Sincerely,

*s/Andrew Mancilla*
Andrew Mancilla

cc: Anthony Dain via Email
All other parties of record via ECF