UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SARAH H. BLACK, and KATHERINE BLACK,
on behalf of her minor children D.B. and J.B.,

                       Plaintiffs,                  16-CV-01238 (CBA)(ST)

   -v-

ANTHONY DAIN, CHERIE WRIGLEY,
IRA SALZMAN, MELISSA COHENSON,
BRIAN A. RAPHAN, P.C., PAMELA KERR,
ESAUN G. PINTO, and CPI INVESTIGATIONS

                       Defendants.
------------------------------------------------------------------X

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO CLARIFY, MODIFY, OR AMEND THE COURT'S MEMORANDUM AND ORDER DATED MARCH 31, 2023, UNDER FED. R. CIV. P. 59 AND/OR RULE 60**

---

**Mancilla & Fantone, LLP**
*Attorneys for Defendants*
260 Madison Avenue, 22nd Floor
New York, New York 10016
P (646) 225-6686
F (646) 655-0269

**Anthony Dain (*Pro Se*)**
13272 Capstone Drive
San Diego, CA 92130
Telephone: 619-515-3241
Facsimile: 619-744-5441

## PRELIMINARY STATEMENT

Defendants respectfully submit this application pursuant to Federal Rules of Civil Procedure 59(e), 60(a), or 60(b), requesting the Court to amend the language in its Memorandum and Order on the parties' motions for summary judgment ("SJ Order") (D.E. # 346) to more-accurately reflect that the Court has not a made factual findings that (1) Dain was the "driving force behind the challenge on the disclaimer"; (2) Dain breached his duty of loyalty as a trustee; and (3) that Dain committed "misconduct" related to the SNT and Issue Trust. Defendants request that the SJ Order be amended to accurately reflect that the Court's conclusions concerning these issues were not factual findings, but instead conclusions that issues of fact existed.

The reason for this request is that Plaintiffs' father, Bernard Black, has used certain language from the Court's SJ Order to misrepresent its conclusions in other jurisdictions, including the Denver Probate Court ("DPC"). Defendants submit that clarification of the SJ Order is necessary to prevent further misuse of the Court's language.

## FACTUAL BACKGROUND

On March 31, 2023, Your Honor issued a SJ Order denying Plaintiffs' motion for partial summary judgment and granting Defendants' motion for summary judgment. The Court's SJ Order includes the following statements:

1. "Given the foregoing, I reject Dain's argument here and conclude that Dain was the driving force behind the challenge on the disclaimer." Id. at 32.

2. "With respect to the 'misconduct' element, Plaintiffs have sufficiently shown that Dain's actions as trustee of the two Trusts constituted 'misconduct.'" Id. at 32.

3. "Accordingly, viewing the facts in the light most favorable to Plaintiffs, Brod, 653 F.3d at 164, I conclude that Plaintiffs have made a sufficient showing of 'misconduct' with respect to the SNT." Id. at 34.

4. "With respect to the Issue Trust, Plaintiffs have also sufficiently shown 'misconduct' by Dain." Id. at 34.

5. "By acting on her behalf and adverse to Plaintiffs' interests, Dain violated the duty of loyalty to the Issue Trust beneficiaries." Id. at 36.

6. "Although Plaintiffs sufficiently meet the 'misconduct' element for the purpose of the summary judgment motion [...]" Id. at 36.

On April 11, 2023, Bernard Black, through his counsel Shaun Pearman, filed a motion to dissolve the conservatorship over Joanne Black in the DPC in Colorado. Mr. Black represents in his motion the following regarding the Court's SJ Order:

> Recently, the Eastern District of New York (EDNY) has found that Dain breached his fiduciary duties of loyalty and impartiality to both the Issue Trust and the SNT by seeking to defund the Black family trusts.10 The court found that Dain's efforts to reverse a disclaimer that had led to the funding of the trusts, and thereby defund these trusts, harmed the beneficiaries of both trusts. Id. The EDNY rejected Dain's claim that he had not sought to unwind the disclaimer and concluded that "Dain was the driving force behind the challenge on the disclaimer." [citing Memorandum and Order, Black v. Dain, Case 1:16-cv-01238 (E.D.N.Y. March 31, 2023), at 31-33.]
>
> The EDNY's determination is binding on this Court: any action that seeks to challenge the disclaimer and to defund the SNT or the Issue Trust constitutes a breach of fiduciary duties for any party who has fiduciary duties to the SNT or the Issue Trust: Dain, any other trustee, any beneficiary, and anyone who stands in the shoes of a beneficiary, such as a conservator or a guardian ad litem. (Under trust law, beneficiaries owe duties to the trust and to other beneficiaries, not to harm the trust).

Ex. A, Mancilla Decl., at 5-6.

3

**LEGAL STANDARD**

A.  **RULE 59**

Rule 59 permits a court "to alter or amend a judgment." Fed. R. Civ. P. 59(e). The Second Circuit has explained that Rule 59(e) "'covers a broad range of motions' and that 'the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the judgment.'" ING Glob. v. United Parcel Serv. Oasis Supply Corp., 757 F.3d 92, 96 (2d Cir. 2014) (quoting Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 153 (2d Cir.2008)); see also Hastings Dev., LLC v. Evanston Ins. Co., No. 14-CV-6203 (ADS)(AKT), 2016 U.S. Dist. LEXIS 84346, at *18-19 (E.D.N.Y. June 29, 2016). "A motion for reconsideration or re-argument shall be granted only if the court has overlooked controlling decisions or factual matters that were put before it on the underlying motion and which, had they been considered, might have reasonably altered the result before the court." Thaler v. United States, 706 F. Supp. 2d 361, 374 (S.D.N.Y. 2010) (internal citations and quotations omitted).

A motion under Rule 59(e) must be made "28 days after the entry of judgment." Fed. R. Civ. P. 59(e)

B.  **RULE 60**

"[A] Rule 60(a) motion is appropriate "where the judgment has failed accurately to reflect the actual decision of the decision maker [...]." Robert Lewis Rosen Assocs. v. Webb, 473 F.3d 498, 504 (2d Cir. 2007). It allows a distinct court "to correct a judgment, for the purpose of reflecting accurately a decision that the court actually made." Hodge ex rel. Skiff v. Hodge, 269 F.3d 155, 158 (2d Cir. 2001) (internal citation and quotation omitted); see also Roberts v. Bennaceur, 658 F. App'x 611, 621 (2d Cir. 2016) (district court may issue an order to clarify its

4

prior order to reflect "the judgment that it clearly intended"); Munn v. APF Mgmt. Co., LLC, No. 19-CV-10791 (CS), 2021 U.S. Dist. LEXIS 108194, at *5 (S.D.N.Y. June 9, 2021) (Rule 60(a) permits the correction of clerical mistakes and inadvertent errors "where the judgment has failed accurately to reflect the actual decision of the decision maker [...]").

The Second Circuit has explained that the "heart of the distinction between an error that is correctable under Rule 60(a) and one that is not is that a correction under Rule 60(a) cannot alter the substantive rights of the parties, but rather may only correct the record to reflect the adjudication that was actually made." Dudley ex rel. Estate of Patton v. Penn—Am. Ins. Co., 313 F.3d 662, 665 (2d Cir. 2002). An amended judgment should not "reflect a new and subsequent intent of the court," but should conform the judgment with the "contemporaneous intent of the court." Robert Lewis Rosen Assocs., 473 F.3d at 505 n.11.

Notably, any such correction may be made by the court on its own initiative or on motion. Robert Lewis Rosen Assocs., 473 F.3d at 504 ("Federal Rule of Civil Procedure 60(a), which allows that '[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.'")

## **ARGUMENT**

Defendants request that the Court clarify the SJ Order under Fed. R. Civ. P. 59(e), 60(a), or 60(b), to reflect that the Court's conclusions were not findings of fact but rather findings that sufficient evidence existed to raise issues of fact regarding Dain's alleged misconduct.

The Court's rulings on the parties' cross-motions for summary judgment were limited to making findings as to whether genuine issues of material fact existed regarding the Plaintiffs' claims. This is consistent with the Court's prerogative on a motion for summary judgment.

Zorbas v. United States Tr. Co., N.A., 48 F. Supp. 3d 464, 474 (E.D.N.Y. 2014) ("The role of the court is not 'to weigh the evidence and determine the truth of the matter *but to determine whether there is a genuine issue for trial*.'") (citing Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ., 444 F.3d 158, 162 (2d Cir. 2006) and quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)) (emphasis added). An issue of fact is material if it "might affect the outcome of the suit under the governing law," and a dispute about that fact is genuine "if the evidence [supporting it] is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248 (internal citation omitted).

Here, the Court's SJ Order contains language that we believe betrays the Court's actual intent and militates in favor of clarification. The Court omits from its conclusions regarding Dain's role and alleged misconduct that such conclusions are limited to a determination that a genuine issues of fact exists with regard to certain issues. That the Court intended to apply the correct standard is reflected in its statement "[a]ccordingly, viewing the facts in the light most favorable to Plaintiffs […]" SJ Order at 34. However, language like this, which incorporates the summary judgment standard, is noticeably missing from other portions of the opinion and, given the fact that Plaintiffs also made a cross-motion for summary judgment, could be interpreted to mean that the Court is making a factual finding in the Plaintiffs' favor.

The lack of clarity in the language has allowed Mr. Black to misrepresent the Court's conclusions concerning "genuine issues of material fact" as "findings of fact" in favor of Plaintiffs. The Court's SJ Order does not, as Mr. Black represented to the DPC, conclude that "Dain breached his fiduciary duties of loyalty and impartiality to both the Issue Trust and the SNT by seeking to defund the Black family trusts." Ex. A, Mancilla Decl., at 5-6. Mr. Black further claimed that Your Honor "found that Dain's efforts to reverse a disclaimer that had led to

6

the funding of the trusts, and thereby defund these trusts, harmed the beneficiaries of both trusts," and cites the same pages. Id. Mr. Black quotes the SJ Order directly in representing to the DPC that Your Honor "concluded that 'Dain was the driving force behind the challenge on the disclaimer'". Id. at 6. Mr. Black used these "findings" to argue that the "EDNY's determination is binding on [the DPC]: any action that seeks to challenge the disclaimer and to defund the SNT or the Issue Trust constitutes a breach of fiduciary duties for any party who has fiduciary duties to the SNT or the Issue Trust." Id. Defendants respectfully submit that these averments by Mr. Black misrepresent the Court's actual conclusions in the SJ Order. These are precisely the type of ambiguities that Rule 59 and Rule 60 allow the Court to clarify. Fed. R. Civ. P. 59(e); Robert Lewis Rosen Assocs., Ltd., 473 F.3d at 505.

Accordingly, to prevent Mr. Black from utilizing the Court's language in a manner that misrepresents the Court's actual Order, Defendants request that the Court issue an Order to clarify/modify the following language in the SJ Order[1]:

1. "Given the foregoing, I reject Dain's argument here and conclude that the record contains sufficient evidence to create an issue of material fact regarding Dain's involvement and role behind the challenge on the disclaimer." Id. at 32.

2. "With respect to the 'misconduct' element, Plaintiffs have sufficiently shown that a genuine issue of material fact exists concerning whether ~~that~~ Dain's actions as trustee of the two Trusts constituted 'misconduct.'" Id. at 32.

3. "Accordingly, viewing the facts in the light most favorable to Plaintiffs, Brod, 653 F.3d at 164, I conclude that Plaintiffs have cited sufficient evidence in the record to create an issue of fact that Dain committed ~~made a sufficient showing~~ 'misconduct' with respect to the SNT." Id. at 34.

4. "With respect to the Issue Trust, Plaintiffs have also cited sufficient evidence in the record to create an issue of fact regarding ~~sufficiently shown~~ 'misconduct' by Dain." Id. at 34.

---

[1] The proposed additional text appears in red and the proposed text deletions appear with a strikethrough.

5. "By acting on her behalf and adverse to Plaintiffs' interests, Plaintiffs have offered sufficient evidence to raise an issue of fact regarding whether Dain violated the duty of loyalty to the Issue Trust beneficiaries." *Id*. at 36.

6. "Although Plaintiffs sufficiently ~~meet the~~ demonstrated an issue of fact concerning the 'misconduct' element for the purpose of opposing defendants' ~~the~~ summary judgment motion [...]" *Id*. at 36.

Defendants submit that the above-proposed clarifications are appropriate under Rules 59 and Rule 60(a) because, rather than substantive changes, they are merely clarifications to accurately reflect the Court's intent, which will in turn serve to prevent Bernard Black from misrepresenting the Court's rulings. Hodge ex rel. Skiff, 269 F.3d at 158.

In the event the Court finds that Rule 59 or Rule 60(a) is not appropriate to grant the requested clarification, the Court may order the requested clarification under Rule 60(b)(6). Munn, 2021 U.S. Dist. LEXIS 108194, at *6 ("Rule 60(b)(6) is a catchall provision that allows a court to provide relief from judgment for any other reason that justifies relief[...]").  These requested relief will serve the interests of justice because it will hopefully operate to limit Mr. Black's misuse of Court's language to further multiply litigation.

## CONCLUSION

For the reasons articulated above, Defendants respectfully request the Court grant their motion to clarify, modify, or amend the Court's SJ Order, and for any other or further relief the Court deems just and proper.

Dated: April 28, 2023
      New York, New York

Respectfully submitted,

**Mancilla & Fantone, LLP**

By:   */s/ Robert M. Fantone*
      Robert M. Fantone

8

By:    */s/ Andrew Mancilla*
       Andrew Mancilla

       *Attorneys for Defendants Wrigley, Pinto, and CPI Investigations*

By:    */s/ Anthony Dain*
       Anthony Dain (pro se)