UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
SARAH H. BLACK and JACOB L. BLACK,

                Plaintiffs,

-against-

ANTHONY DAIN, CHERIE WRIGLEY,
ESAUN G. PINTO, and CPI
INVESTIGATIONS,

                Defendants.
---------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-cv-1238 (CBA) (ST)

**AMON, United States District Judge:**

On March 31, 2023, I granted summary judgment for Defendants—Anthony Dain ("Dain"), Cherie Wrigley, Esaun G. Pinto, and CPI Investigations—against Plaintiffs Sarah H. Black and Jacob L. Black. (ECF Docket Entry ("D.E.") # 346 ("M&O").) Defendants now move to clarify, modify, or amend the Summary Judgment Memorandum & Order pursuant to Federal Rules of Civil Procedure 59(e), 60(a), and/or 60(b). (D.E. # 349-3 ("Defs. Mot."); D.E. # 352 ("Pl. Opp'n"); D.E. # 353 ("Defs. Reply").) Specifically, Defendants ask that I amend six paragraphs in the Summary Judgment Memorandum & Order by inserting variations of the clause "the record contains sufficient evidence to create an issue of material fact" into several concluding sentences. (Defs. Mot. 7-8.) Defendants' motion is DENIED.

First, I do not construe Defendants' motion as a motion for reconsideration, a motion to amend judgment, or a motion for relief from final judgment under Rules 59(e) and 60(b). A Rule 59(e) motion requires the moving party to show that the court "has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." In re N.Y. Cmty. Bancorp, Inc., Sec. Litig., 244 F.R.D. 156, 159 (E.D.N.Y. 2007) (citation omitted); see also Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 153 (2d Cir.

1

2008) ("District courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice," and "the only real limitation on [Rule 59(e)] . . . is that it must request a substantive alteration of the judgment, not merely the correction of a clerical error . . . ." (citations, alterations, and internal quotation marks omitted)). A Rule 60(b) motion likewise requires the moving party to identify "overlooked facts or controlling law that 'might reasonably be expected to alter the conclusion reached by the court.'" Koepp v. Holland, No. 08-cv-1369, 2011 WL 13353103, at *2 (N.D.N.Y. Mar. 15, 2011) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Here, Defendants manifestly fail to meet this strict burden, as they pointed to no overlooked facts or controlling law as a basis for their motion. To the contrary, Defendants concede that they seek mere "clarifications" rather than "substantive changes." (Defs. Mot. 8.) Accordingly, I construe Defendants' motion as a motion to correct clerical mistakes pursuant to Rule 60(a).

Second, Defendants' Rule 60(a) motion is procedurally improper. Rule 60(a) permits a district court to "'correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record,' but, 'after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.'" Frommert v. Conkright, No. 00-cv-6311L, 2017 WL 952674, at *2 (W.D.N.Y. Mar. 10, 2017) (quoting Fed. R. Civ. P. 60(a)); see also Thomas v. iStar Fin., Inc., 652 F.3d 141, 151 (2d Cir. 2011) (holding that Rule 60(a) "require[s] a district court to seek leave from this Court for the correction of a clerical mistake where an appeal is already pending," and without such leave, any amendment to the order under appeal is "without effect"). Here, Defendants filed their motion on April 28, 2023, (Def. Mot.), one day after Plaintiffs filed the notice of appeal on April 27, 2023, (D.E. # 348). See Toliver v. Cnty. of Sullivan, 957 F.2d 47,

2

49 (2d Cir. 1992) ("[T]he docketing of a notice of appeal ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule." (citation and internal quotation marks omitted)). I take judicial notice that the appeal has been docketed as No. 23-728 and that neither party has sought leave with the Second Circuit to file this pending motion. Therefore, under Second Circuit precedent, I do not have jurisdiction to make a Rule 60(a) correction. See Thomas, 652 F.3d at 150-51 (finding that the district court's correction was "without effect," but granting leave to correct the clerical mistake nunc pro tunc); see also L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc., No. 00-cv-7394 (ADS), 2013 WL 12366305, at *4 (E.D.N.Y. Mar. 12, 2013) (denying a Rule 60(a) motion filed after an appeal had been docketed).

Third, even if I were to consider Defendants' motion on the merits, there is no basis to grant that motion. Summary judgment is proper when "there is no genuine issue as to any material fact." Santos v. Murdock, 243 F.3d 681, 683 (2d Cir. 2001) (per curiam) (quoting Fed. R. Civ. P. 56(c)). The same standard applies in cross-motions for summary judgment. Morales v. Quintel Ent., Inc., 249 F.3d 115, 121 (2d Cir. 2001). In granting Defendants' motion for summary judgment and denying Plaintiffs' cross-motion for partial summary judgment, I reviewed voluminous materials filed by both parties, including the pleadings, Rule 56.1 statements, published judicial opinions, transcripts of proceedings, deposition testimony, and affidavits. Based on that review, I concluded that there is no genuine dispute that (a) Dain owed a fiduciary duty to the two trusts at issue, (b) Dain's actions met the "misconduct" element of the breach-of-fiduciary-duty claim, but (c) Plaintiffs did not incur any "injury" or "damage," which is a required element in a breach-of-fiduciary-duty claim. (S.J. M&O 28-45.) Defendants' proposed amendment here—

that there is a material dispute with respect to the misconduct element, (Defs. Mot. 7)—constitutes a reversal of that conclusion, rather than a correction of clerical mistakes.

Finally, I take notice that Defendants sought this motion in light of a misrepresentation by Bernard Black ("Bernard")—Plaintiffs' father—when describing the Summary Judgment Memorandum & Order. Evidently, Bernard filed a motion in a separate proceeding before the Denver Probate Court and represented that I "found Dain's efforts to reverse a disclaimer . . . harmed the beneficiaries of both trusts." (D.E. # 349-2.) However, contrary to Bernard's characterization, I found that Plaintiffs "have failed to show the third element, namely, that they suffered 'damages directly caused by Dain's misconduct.'" (S.J. M&O 36 (citation and alteration omitted).) Bernard's statement is therefore a serious misrepresentation. In their reply, Defendants also move for sanctions. (Defs. Reply 3.) Although the alleged conduct raises serious questions under Federal Rule of Civil Procedure 11(b), Defendants failed to comply with the necessary procedure, as a motion for sanctions should be made to the court to which the misrepresentation was made. See, e.g., Williamson v. Recovery Ltd., 542 F.3d 43, 51 (2d Cir. 2008) ("Rule 11(c) . . . allows the court to sanction a party, if . . . the party has violated Rule 11(b) by making false, misleading, improper, or frivolous representations to the court.").

For the foregoing reasons, Defendants' motion for clarifying or modifying my prior opinion is DENIED.

SO ORDERED.

Dated: July 31, 2023
Brooklyn, New York

Carol Bagley Amon
United States District Judge

4